## SUPREME COURT.

### JAMES CAMPBELL agt. ROBERT SHIELDS.

Where a landlord wilfully evicts his tenant from part of the demised premises,
he can recover no rent subsequently accruing, although the tenant remains in
possession during all the rest of the lease.

But if the landlord only commits a trespass on the premises, and does not evict
by taking possession, or permitting a nuisance, &c., the tenant is left to his
action for the trespass, and must continue to pay the rent.

*New-York Special Term, Nov.,* 1855.

MOTION by defendant to dissolve injunction. The facts suf-
ficiently appear in the opinion.

———— ———— *for motion,*
———— ———— *opposed.*

MITCHELL, Justice. The plaintiff is the assignee of the lease
of a house and lot of land, No. 512 Greenwich-street, and the
defendant the landlord.

Where the landlord wilfully evicts his tenant from part of
the demised premises, he can recover no rent subsequently ac-
cruing, although the tenant remains in possession during all the
rest of the lease. This is sufficiently severe, and is not to be
extended. But if the landlord only commits a trespass on the
lands, (and does not evict either by actually taking possession
of part of the land, and depriving the tenant of it, or by what
is called a moral eviction—rendering the place unfit for the
tenant to occupy, as by introducing women of ill fame into
other parts of the house,) the tenant is left to his action for the
trespass, and must continue to pay the rent.

If this complaint be carefully examined to find the facts al-
leged, as distinct from conclusions, it will be found to set up
only a trespass; and, in connection with the answer, this be-
comes very clear.

The answer states, that about October, 1854, the owner of the adjoining lot, having commenced to tear down the building thereon, gave notice to the defendant to protect his building— the house in question; and that to uphold this building while the other was being torn down, the defendant, with the consent of the plaintiff and of the lessee, entered on the premises and repaired; and that the repairs were absolutely necessary to uphold and preserve the house; and that in consideration of the inconvenience the lessee was put to, he was, by consent, excused from paying the rent due 1st Nov., 1854.

The complaint is, that the defendant evicted the plaintiff from a portion of the house and lot—(and then states the eviction)—taking out the whole side of the house, and making the *inclosure* of the *house* and *rooms* considerably less than they were before; and that he contracted the rear of the premises several inches—(and then states the contraction)—taking away a part of the stairs, and leaving them in that condition, and left the chimneys, for a *length of* time, and the house *open*—having torn down the chimneys—and authorized the neighbor to run a nuisance into these premises.

The landlord then being warned to protect his house, and being bound to do so, did take down the whole side of the house, that being necessary, and repaired it again; he also took down the chimneys and stairway, and left the chimneys down for some time, and the house open during these repairs; and narrowed the stairway in the rear several inches; and in making his new side-wall, narrowed the *inclosure*—that is, the rooms. If this were done wrongfully, it was no eviction; it left the tenant in possession of the whole of the demised premises; and if wrongful, it was a trespass for which the landlord must pay damages, but still the tenant must pay the rent.

If the defendant's answer is correct, and it is the most probable, he did nothing unlawful in all this: he was obliged to take down and repair the side-wall, and did no damage except what was necessary for this purpose. If the side-wall is thicker than before, that was with a view to greater strength and security; and if the house is a frame house, the fire-laws

required the new wall to be of brick, and that would necessarily widen the wall and narrow the rooms.   If, as the plaintiff suggests, the defendant built the new wall inside of the old boundary, on the allegation of the neighbor, that the old encroached on the neighbor's line, then, if the allegation of title were true, the landlord did no more than the law would compel him to do, and yielded to a paramount title, and the plaintiff can only claim a small reduction of rent.   If the landlord were mistaken as to the true boundary, and yielded under that mistake, that is not the wilful eviction for which he is to be punished, in being deprived of rent during the residue of the term.

The allowance of the nuisance, as it is called, is not an eviction ; it is at most a trespass.

The injunction granted is dissolved, with $10 costs.