Eugene Vatel *v.* James Herner and Samuel Gardner.

An interference by the landlord with the person of the tenant, although on the demised premises, does not constitute an eviction. It is a trespass only, and the remedy of the tenant is by action for the assault.

The use of a privy by a landlord in a passage way leading to the demised premises, and which was there at the time of the hiring, although so used as to be offensive to the tenant, does not of itself constitute an eviction, the tenant not being actually deprived of any part of his premises.

Appeal by defendant from a judgment of the Fourth District Court. This was an action by the plaintiff, as assignee of Daniel Griffin, to recover $25 rent. Daniel Griffin was the

lessee of the building No. 47 Dey street. In the rear of this building is another, approached both by an alley way and by the hall of the front building, which runs through from front to rear. Between the two buildings is a vacant space; that part of it which is opposite the hall of the front building being enclosed so as to make a covered and enclosed hall from Dey street through the front building to the one in the rear. The first floor of the rear building was occupied by Mr. Gardner, one of the defendants—the defendant Herner being sued as surety. By lease in writing, Daniel Griffin rented, in March, 1854, to the defendant Gardner, " the right of way through the hall of house No. 47 Dey street, also, the vacant space between said house and rear brick building, the same enclosed as now, between said house and brick building, which may be altered and fitted up so as to connect with the rear building, at the said Gardner's expense, he leaving the same in as good order," &c. It was for one quarter's rent of these premises that this action was brought. The defendant claimed to have been evicted from the premises by the plaintiff. It appeared that in the hall of the front house, under the stairs, and almost opposite, but a little to one side of the doorway, opening upon the enclosed vacant space hired by the defendant Gardner, was a water-closet. This was closed at the time Gardner hired the premises in question, but it was afterwards opened and used by Griffith. The evidence showed that the door of the water-closet was allowed frequently to remain standing open; that when thus open it partially obstructed the entrance to Mr. Gardner's premises. The evidence was conflicting as to the condition of the water-closet—whether kept clean, and in a good condition or not. It also appeared that Mr. Griffith had forcibly ejected Mr. Gardner from that part of the vacant space between the two houses which was not enclosed. The court gave judgment for the plaintiff, from which the defendant appealed. Two actions, for two different months' rent, were submitted at the same term.

*Hooper C. Van Vorst*, for appellant.

*Niles and Bagley*, for the respondent.

INGRAHAM, FIRST JUDGE.—Any interference with the person of the tenant, although on the demised premises, would only be a trespass, and not an eviction. If the landlord improperly assaulted him, the remedy is for the assault, and not for eviction.

The space rented by the agreement was only the vacant space between the front and rear buildings as enclosed, and not the part unenclosed. The privilege to alter and fit up the same evidently shows that the intent was to make a continuous passage to the back building through the enclosed space, with a view, probably, of making a continuous covered passage way to the tenant's premises.

The only question, therefore, is, whether using the privy in the passage way, which was there at the time of the hiring, although not in use, is to be treated as an eviction.

The tenant was not deprived of any part of the premises. He remained in the use of them afterwards. If the privy was used so as to be offensive, he had a remedy therefor; but the mere use of it, after the lease, cannot be treated as an eviction.

The courts have always hesitated about extending the rule as to eviction beyond an actual expulsion from the premises, or some part of it. The case of *Campbell* v. *Shields* (11 How. Pr. Rep. 565), cited by the appellants, establishes this doctrine, and shows that the appellant's remedy is for the trespass, and not for the eviction.

Judgment affirmed.