BERNARD A. STAMPOFFSKI

*v.*

MARGARET H. P. HOOPER *et al.*

1. DELIVERY—*for special purpose on condition of payment.* Where a party executed an agreement to a married woman for the conveyance of an undivided half of certain real estate, for the expressed consideration of

242        STAMPOFFSKI *v.* HOOPER *et al.*        [Sept. **T.**

Statement of the case.    Opinion of the Court.

$1500, and delivered the same to her husband, on his assurance that he would pay the $1500 therein specified, for the purpose of enabling him to raise the money, and that if the money was not raised he would return the same : *Held*, that the payment was a condition to the taking effect of the agreement, and that a delivery for all purposes was never intended.

2. PARTIES PLAINTIFF — *in suit on written agreement.* On an agreement to convey real estate to a married woman, in which her husband is not named as a party, suit must be brought in the name of the wife alone, and no recovery can be had in a suit thereon brought in the names of . both husband and wife.

APPEAL from the Superior Court of Cook county ; the Hon. W. W. HEATON, Judge, presiding.

This was an action of covenant, by Margaret H. P. Hooper and Ezekiel R. Hooper, her husband, for the use of Daniel R. Brandt against Bernard A. Stampoffski. The opinion of the court contains a substantial statement of the material facts of the case.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, for the appellant.

Messrs. BRANDT & HOFFMANN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was covenant, in the Superior Court of Cook county, on an agreement, under seal, between Bernard A. Stampoffski and Mrs. M. H. P. Hooper, by which the former covenanted to convey to the latter the undivided half of the "Jefferson street" property, so called, in consideration of the sum of fifteen hundred dollars, the receipt of which was acknowledged in the agreement — the same to be her sole and separate property, and for her separate use, the conveyance to be made upon demand and reasonable notice.

This agreement was assigned by Mrs. Hooper, her husband

joining therein, to Daniel R. Brandt, and the action is brought for his use.

The defendant pleaded, 1. The general issue; and 2. A special plea, that the agreement was delivered to Hooper conditionally — that he would pay to Stampoffski fifteen hundred dollars, averring that he never paid the money; and 3. That the agreement was obtained by fraud and misrepresentation.

On these issues the parties went to trial, and the jury found for the plaintiffs, assessing the damages at seventeen hundred and twenty-five dollars, for which the court entered judgment, having denied a motion for a new trial.

To reverse this judgment the defendant appeals, and assigns various errors, and the first point made thereon is, that the proof fails to show the contract was ever delivered.

We think this point well taken, and must dispose of the case. The great preponderance of the evidence is, that appellant delivered the contract to Mr. Hooper, on his assurance he would pay the fifteen hundred dollars therein specified; but to raise the money it was necessary to exhibit the contract to the person from whom he expected to obtain it; and this is the positive statement of appellant, corroborated by the testimony of Monroe, appellant's counsel in the litigation he was engaged, the settlement of which, it is claimed, was a part of the consideration of the agreement. Hooper testified he had never paid a cent in money for the contract. Monroe testified that the question between appellant and Hooper was, whether Hooper should take the contract to go to Price's livery stable, and he advised appellant to go with him. Objection being made to that, Monroe then told appellant that if he did not get the money, undoubtedly Hooper would bring the contract back, and if he did not, it would not be binding on appellant. For this purpose Hooper went to Sawin, who told him there was a lawsuit in his contract, and that he was told the fifteen hundred dollars had not been paid, which Hooper did not then deny. The fact is strongly impressed upon us, by this testimony, that fifteen

hundred dollars was to be paid by Hooper before the contract could take effect, and that a delivery for all purposes was never intended by the parties.

The undivided half of the Jefferson street property was worth, on a reasonable estimate, about eighteen hundred dollars, and there is no fact in the case going to show that appellant intended to make a present of it to Hooper, however indigent he may have been, and in want.

Bearing in mind that this was the estimated value of the property, how could it have been paid for? Hooper says, by claims he held against appellant for legal services, the whole amount of which did not exceed seven hundred and fifty dollars, five hundred dollars of which was claimed by Hooper for selling the "Peoria street" lot to one Stevens, and which appellant most flatly denies, and there is no corroborating evidence to sustain Hooper. Two hundred and fifty dollars is the extent of Hooper's rightful claim, and this, appellant disputes, and the whole testimony makes it very questionable. No particulars of what was done as an attorney are given. The dominant consideration seems to be the adjustment of the Warren controversy. To that, Hooper was himself a party, and instead of preparing the answer of appellant, he did but little, if any thing, the case being attended to by Monroe & McKinnon on the part of appellant, and for whose services appellant paid them three hundred and fifty dollars. We look in vain to the record for any satisfactory proof how this property, worth near eighteen hundred dollars, was paid for, and for proof that the fifteen hundred dollars acknowledged to have been received was, in fact, paid. Certainly it was not by legal services rendered. Jews have been deemed by some fit subjects for sharp practice, and he who could get the advantage of one was entitled to credit. Before the law they are equal to any other portion of the community, and equally entitled to justice. "Sufferance is no longer the badge of all their tribe."

What we have said disposes of the first two points and fourth point made by appellant.

The third point is, that Mr. Hooper was not a proper party to this suit. The contract was made with Mrs. Hooper alone, in which her husband's name is not used, and the consideration was to move from her. Mrs. Hooper was alone the party to sue, on the familiar principle that parties to a contract, and those only, must sue for a breach. This case, in this regard, is like the case of *Hayner* v. *Smith*, 63 Ill. 430. There, the lease was executed by Mrs. Smith alone, and the suit was brought in her name and her husband's. The objection was made in the court below and overruled. This court held she alone should have sued. The same was held in *C. B. & Q. R. R. Co.* v. *Dickson*, 67 Ill. 122, the wife being the meritorious cause of action, and the same doctrine was held in *C. B. & Q. R. R. Co.* v. *Dunn*, 52 Ill. 260.

It was held error to join the husband.

Appellant calls the attention of the court to the fifth instruction given for plaintiff, in reference to Sawin's testimony. Without saying Hooper was under obligation to deny the statements made by Sawin to him, it seems to us it would have strengthened this case had he so done.

As we are not of opinion the plaintiffs should recover in this action, we will avoid criticism or remark on this instruction.

We think the jury found their verdict against the great preponderance of the evidence, and reverse the judgment, and remand the cause for a new trial.

*Judgment reversed.*