## Louis Kistler v. Walter H. Wilson and John E. Jenkins.

1. LANDLORD AND TENANT—*Occupation of Premises after Eviction.*— A tenant can not claim a constructive eviction and continue the use of the demised premises after the commission of the acts which he claims would justify him in abandoning them.

2. SAME—*What Constitutes an Eviction.*—In order to constitute a constructive eviction, the acts of the landlord must be such as to clearly indicate an intention on his part that the tenant shall no longer continue to hold the premises. Such act must be of a grave and permanent character and done " for the purpose of depriving the tenant of the enjoyment of the demised premises."

3. SAME—*Noise, etc., from an Elevated Railroad.*—The fact that the owner of leased premises consents to the erection of an elevated railroad along the street in front of the same, and that the operation of such railroad seriously discommodes the tenant and interferes with the transaction of his business does not constitute such an eviction as will justify the tenant in abandoning the premises.

**Action for Rent.**—Trial in the County Court on appeal from a justice of the peace; the Hon. D. L. JONES, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

JOHN W. BYAM, attorney for appellant.

If a tenant is evicted at any time before the rent becomes due, the rent is not payable at all. Taylor's Landlord and Tenant, 389; 3 Kent's Com. 464; Wade v. Halligan, 16 Ill. 507; Hayner v. Smith, 63 Ill. 433; Press Association v. Brooks, 30 Ill. App. 114.

If the landlord does any act which renders the lease unavailing to the tenant, he is thereby discharged from the conditions of the lease and may abandon it. Halligan v. Wade, 21 Ill. 470; Anderson v. Insurance Co., 21 Ill. 601; Leadbeater v. Roth, 25 Ill. 587.

It is true that the tenant has his action for a breach of the covenants of the landlord, but he may also abandon the premises, as the landlord by his acts has terminated the lease. Wright v. Lattin, 38 Ill. 296; Lynch v. Baldwin, 69 Ill. 212; Dexter v. Manley, 4 Cush. 14; Field v. Herrick, 10

Bradw. 591; Smith v. Wise, 58 Ill. 141; Taylor's Landlord and Tenant, 377.

The tenant must abandon possession or pay rent. Cram v. Dresser, 2 Sand. 120; Rogers v. Ostrom, 35 Barb. 523; Cohen v. Dupont, 1 Sand. 260; Elliott v. Aikens, 45 N. H. 35; Mortimer v. Brunner, 6 Bosw. 653; Academy of Music v. Hackett, 2 Hilt. 217; Edgerton v. Page, 20 N. Y. 281.

If the acts of the landlord are such as to merely tend to diminish the beneficial enjoyment of the premises, the tenant is still bound for the rent if he continues to occupy the premises; but if he abandons the premises, he is not bound to pay rent. Skally v. Shute, 132 Mass. 367; Chicago Legal News v. Browne, 103 Ill. 317; Edgerton v. Page, 20 N. Y. 284; Halligan v. Wade, 21 Ill. 470; Leadbeater v. Roth, 25 Ill. 587.

WM. E. HUGHES, attorney for appellees.

The only covenant implied in a lease is that for quiet enjoyment. This only means the lessor shall have such title to the premises as will enable him to give a good, unencumbered lease for the term demised. It implies no warranty against the acts of strangers. It confers on the lessee a right to enter upon the premises and nothing more. Gazzolo v. Chambers, 73 Ill. 75.

When a lease is in the ordinary form, and binding the lessee to pay the lessor rent during the whole term, the rent continues, no matter what may befall the premises. Peck v. Ledwidge, 25 Ill. 109.

An eviction is more than a mere trespass by the landlord. It must be something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the premises. Hayner v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 210; Morris v. Tilson, 81 Ill. 607.

From an express covenant to pay rent nothing releases a tenant except eviction by landlord or that the tenant was otherwise legally entitled to quit possession, or that the landlord has accepted another person as tenant. Taylor's Landlord and Tenant, 8th Ed., Vol. 1, Sec. 372.

Kistler v. Wilson.

Mr. Justice Windes delivered the opinion of the court.

Appellees made appellant a lease of three rooms to be occupied for business offices, in the Northern office building at LaSalle and Lake streets, Chicago, from May 1, 1894, to April 30, 1897.  Appellant occupied the rooms as law offices from May 1, 1894, to February 22, 1896, when he vacated them.  This suit was brought by appellees before a justice of the peace for the rent of March and April, 1896, and janitor's fees under the lease, and recovered judgment.  An appeal was taken to the County Court of Cook County, where there was another trial before the court, a jury having been waived, and appellees recovered a judgment for $177.46, from which appellant has appealed.  The defense made below was that appellant was evicted from his offices by the construction and operation of the Lake Street Elevated Railway in Lake street, and in front of the offices; that appellees gave their consent to the construction and operation of the railway on Lake street, which ruined the offices for the purpose of conducting a law business therein, because of the noise, dust, soot, smoke, steam and vibration of the building in which appellant's offices were located, resulting from the construction and operation of the railway.  Counsel for appellant, in his brief says, that if the holding of the trial court on the question of eviction by reason of the disturbance to appellant's occupancy of the leased premises by the construction and operation of the elevated railway is the law, then "the plaintiffs should have recovered," and in the oral argument this was also stated to be the question for decision.  We therefore do not consider in this opinion the other questions argued in the briefs, assuming that they are waived, and being of opinion that none of the contentions made would justify a reversal of the judgment.

It appears from the evidence that one of the appellees, after the making of the lease to appellant, was active in securing consent of many different persons to the construction of the elevated railway on Lake street; also gave his own consent to such construction, and did all he could to

get the elevated railway built on Lake street. The evidence offered for appellant also tends strongly to show that the noise resulting from the construction of the railway, and also the noise, dust, soot, smoke, steam, and the vibration of the building in which appellant's offices were, caused by the operation of the railway, seriously discommoded appellant and interfered with the transaction of his business while he remained in his offices. The evidence was such that, if it can be said that appellees are in law answerable to appellant for the manner in which the railway was operated in Lake street, then there was a question of fact for the determination of the court as to whether the manner of such operation, in its effect upon the use and occupancy of the leased premises by appellant, amounted to an eviction.

Appellant asked the trial court to hold, but it refused, all of the following propositions of law, to wit:

" The court finds, as a matter of law, that if the plaintiffs consented to the building of the elevated road on Lake street, then if the running and operating of the said road by noise or otherwise so interfered with the defendants that they were prevented from conducting their business in the offices rented by them of the plaintiffs to the full extent that they could conduct said business but for the operating of the said road, and if such disturbance continued from the completion of said road until the premises were abandoned by the defendants, and if said defendants abandoned said premises and surrendered them to the plaintiffs by reason of said disturbance, such disturbance amounting in law to a constructive eviction of the defendants by the landlord, and the defendants were justified in abandoning the same, then the plaintiffs can not recover.

" The court finds, as a matter of law, that if the plaintiffs in this case gave their voluntary consent for the construction of the elevated road on Lake street that passed the premises leased by the defendants of the plaintiffs, then all of the annoyance and disturbance of the building and the running of the said road necessarily caused the defendants,

Kistler v. Wilson.

would be the same as if voluntarily and personally caused by the plaintiffs.

"The court finds, as a matter of law, that if the plaintiffs gave their consent that the elevated road on Lake street might be built, then if the operating of said road by smoke or steam so darkened the windows of the offices rented by the defendants of the plaintiffs, that the defendants were by reason thereof hindered and prevented from transacting their business in said offices as fully as they might otherwise have done, and that said obstruction continued and existed at the time said defendants abandoned said offices, and said offices were abandoned by reason of said obstruction, then the defendants were justified in abandoning said premises, and the plaintiffs can not recover.

"The court finds, as a matter of law, that in every lease, whether so expressed in the instrument or not, there is a covenant on the part of the landlord for quiet enjoyment by the tenant, and if the evidence in this case shows that the plaintiffs breached or failed to keep said covenant, then and in that event the plaintiffs are not entitled to recover."

It is evident that if the above propositions state the law which should have governed the trial court in the determination of this case, then it was decided upon an erroneous view, and the judgment should be reversed; but if they are not the law as applicable to the facts, then there being no other error, it should be affirmed.

The question is, were appellees, under the facts stated, answerable to appellant for the manner of construction and operation of the elevated railway.

That they are not answerable for the manner of construction to the extent that appellant may now claim an eviction by reason of noise and disturbance caused from construction, is clear, because he remained in his offices long after the railway was constructed and had been in operation. He must have abandoned the leased premises because of the construction of the railway before he can claim it as an eviction. He can not claim a constructive eviction and continue the use of the demised premises after the commis-

sion of the acts which he claims would justify him in abandoning them.   Keating v. Springer, 146 Ill. 495, and cases cited; Barrett v. Boddie, 158 Ill. 484.

In order to constitute a constructive eviction, such as is claimed in the case at bar, the acts of the landlord must be such as to " clearly indicate an intention on the part of the landlord that the tenant shall no longer continue to hold the premises." The act of the landlord to constitute an eviction must be of a grave and permanent character, and done " for the purpose and with the intention of depriving the tenant of the enjoyment of the demised premises." Hayner v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 210; Morris v. Tillson, 81 Ill. 607–23; Keating case, *supra;* Barrett case, *supra.*

It can not be said, from anything appearing in this record, that the acts of appellees in giving their consent to the construction of the railway in Lake street, clearly indicated an intention on their part that appellant should no longer continue to occupy his offices, nor that the giving of such consent was for the purpose or with the intent of depriving appellant of the full enjoyment of his offices. It is nowhere shown that appellees' consent to the building of the railway was necessary to or was the cause. of its construction.   It might have been built by the consent of the majority of the owners of frontage on the street, and against the most vigorous protests of appellees.   But the fact appears that owners were glad to give their consent, believing that the railway would benefit the property.   If they were honest in this belief, and it should be presumed that they were desirous of increasing the value of their property, it could scarcely be said that it would be a natural and reasonable result from the construction and operation of the railway, that it would increase the value of property and at the same time create such a disturbance as to render appellant's offices practically useless.

It certainly would not follow, so far as appears from any evidence in this record, that by the acts of appellees in giving their consent to the building of the railway, they thereby

intended or anticipated that the railway would be so operated as to materially disturb appellant in the use and enjoyment of his offices, and they should not be held to be answerable for the acts of the railway company, unless they could have reasonably expected, in the usual and ordinary course of events, that such acts would have that effect. Their intent that their consent should have that effect should appear before they would be answerable.

Appellees then not being responsible for any of the results which appellant claims were caused by the operation of the railway, there was no error in the trial court refusing the propositions of law above stated, and in rendering judgment as it did.

The judgment is affirmed.