## Cornelius Dennick et al. v. John P. Ekdahl et al.

1. EVICTION—*Physical Expulsion Not Necessary.* – A physical expulsion of a tenant is not necessary to constitute an eviction which will enable him to successfully defend against an action by the landlord for rent.

2. LANDLORD AND TENANT—*What Acts of Interference Are Necessary to Constitute an Eviction.*—Such acts of interference with the possession of the tenant by the landlord as clearly show an intention on his part to deprive the tenant of the enjoyment of the premises, so that he can no longer occupy them, will authorize an abandonment of the possession by the tenant.

3. SAME—*Where a Constructive Eviction is Relied upon—Intention of the Landlord a Question of Fact.*—Where a constructive eviction is claimed the intent of the landlord to evict must appear, and such intent is a question of fact for the determination of the jury.

4. SAME—*Abandonment of the Premises Must Be Within a Reasonable Time.*—In case of constructive eviction, the abandonment of the premises must be within a reasonable time after the acts complained of.

**Action for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed May 22, 1902.

**Statement.**—In the trial court appellants' action was to recover rent alleged to be due to them as landlord.

The defendants admitted having, under a written lease, been tenants, but insisted that the landlord had, in making repairs, removed a certain trap under a washstand sink and thereby caused sewer gas to escape into the premises so as to render them so offensive that their further occupation was intolerable; and that being thus evicted they moved out.

The rent was payable monthly and it was paid for the entire month of July, appellees having moved out July 12th.

The lease ran until the first of the succeeding March, and was of "the tailor shop" in the rear of 183 Sedgwick street, to be used as a tailor shop.

The lessees covenanted to surrender the premises at the end of the term in as good condition as they were at the beginning, reasonable use, wear and tear and damages by the elements excepted.

In February the trap of a pipe in the basement of the building froze and burst; this pipe led to a wash-basin in the work room above; the basement was occupied only by a gas engine, no fire being kept in it. The plaintiffs being notified of the bursting by the defendants and by them told "to fix it," sent a plumber. The plumber had before been there three times and put in new traps; he, a witness for the defendants, testified that if he "put in a new trap it would be froze every day and they couldn't use the sink, so it was no use of putting in a new trap there; so I just put down a straight piece of pipe; because there was no people living there and they had a tailor shop in the place; the basement was not occupied by people. The pipe connected only with a sink, not with a water closet." The plumber was not instructed to remove the trap.

After the removal of the trap, sewer gas came up; "the house was full of it;" the defendant's work-people complained and some of them and one of the tenants became ill. Mrs. Dennick was told by one of the defendants, of the sewer gas, and she said she would fix it, but did not.

JAMES HARVEY HOOPER, attorney for appellants.

S. C. IRVING, attorney for appellees.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Appellees contend that they were constructively evicted, and hence, as they had a right to do, moved out, paying all rent for the last month during which they occupied the premises.

A physical expulsion of a tenant is not necessary to constitute an eviction which will enable him to successfully defend against an action for rent.

Such acts of interference with the possession of the tenant, by the landlord, as clearly show an intention upon his part to deprive the tenant of the enjoyment of the premises, and that he shall not longer continue to occupy them, will authorize an abandonment of the possession by the tenant. 2d Ed. Am. & Eng. Ency. of Law, Vol. 18, p. 298. Where a constructive eviction is claimed the intent of the landlord to evict must appear, and this is a question of fact for the jury. Taylor on Landlord & Tenant, Section 381.

In Morris v. Tilson, 81 Ill. 607–623, the Supreme Court said:

"The rule laid down in Hayner et al. v. Smith and wife, 63 Ill. 430, and followed in Lynch v. Baldwin, 69 Ill. 210, and Walker et al. v. Tucker, 70 Id. 527, is, that acts by the landlord, in interference with the tenant's possession, to constitute an eviction, must clearly indicate an intention on the part of the landlord that the tenant shall no longer continue to hold the premises." See also, Chicago Legal News Co. v. Browne, 103 Ill. 317–321.

Where a constructive eviction is claimed, the abandonment of the premises by the tenant must be within a reasonable time after the acts complained of. Dewitt v. Pierson, 112 Mass. 8; Edgerton v. Page, 1 Hilton (N. Y.) 320; same v. same, 20 N. Y. 281.

In the present case there is no evidence tending to show that the landlords intended to disturb the tenants, deprive them of the enjoyment of the premises or do anything that would cause them to abandon the same.

The landlords were not bound to repair; but being requested by the tenants to do so they sent a plumber, giving him no directions as to in what manner the defect complained of should be remedied. Manifestly, the landlords did not intend to do a wrongful act, or one injurious to the tenants. The plumber, a licensed workman, used his own best judgment. What he did may not have been the best thing to do but he evidently thought it was.

The defendants thereafter continued in the place for some six months.

True it is, they did once complain to Mrs. Dennick of the sewer gas and she said she would fix it.

It does not appear that a complaint was made at any time of the removal of the trap nor that it was stated that the removal of the trap caused the presence of the gas.

While, whether acts constitute an eviction is a mingled question of law and fact, there must be shown an intention of the landlord, manifested by acts, to deprive the tenant of the beneficial use of the premises—in brief, a violation of the landlord's contract of enjoyment, to warrant a finding of eviction by a jury. Such there was not in this case.

The judgment of the Circuit Court is reversed and the cause remanded.