Cassard v. Thornton.

## Frank W. Cassard v. Charles Thornton.
### Gen. No. 11,843.

1. EVICTION—*what does not constitute.* Where, without intention to deprive his tenant of the premises demised, the landlord, in obedience to law, enters such premises and makes permanent use of a portion thereof for the purpose of erecting fire escapes, an eviction does not result.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed March 27, 1905.

**Statement by the Court.** Appellant leased to appellee the four-story and basement brick and stone building numbered 1604 Wabash avenue, in Chicago, Cook county, Illinois, for a term commencing May 1, 1903, and terminating April 30, 1904, the premises to be occupied as appellee's residence, and for re-renting rooms. The rent reserved was $660 per annum, payable in installments of $55 each on the first day

of each month of the term, in advance. It was provided in the lease that the lessor should have free access to the demised premises, for the purpose of making needful repairs or alterations, which he might see fit to make. Appellee paid the rent for the months of May, June and July, 1903, but not for any of the remaining months of the term, and appellant sued him for the rent due for August, September and October, 1903. He removed from the premises, according to the testimony of appellant's witness, Ralph J. Sherman, September 24, 1903, and according to appellee's testimony, September 5, 1903. After the appellee removed from the premises the appellant rented them to another person for a term commencing November 1, 1903, and ending April 30, 1905, as by the lease to appellee he had a right to do. There were 16 rooms in the building. Two witnesses for appellee testified that they occupied rooms there, each of them paying $3 per week, and appellee's testimony tends to prove that he used the building mainly for the purpose of renting the rooms. He testified that he moved out on account of part of the building being cut off; that he could not make a living there; that he had furnished every room, etc.

Prior to June 7, 1903, the city notified appellant to put fire escapes to the building. The evidence tends to prove that appellant caused to be constructed two fire escapes, running up to windows of different rooms, which were rented to different persons by appellee, each for $3 per week; that the sill, or bottom part of each window was about five feet above the floor of the room, and, for the purpose of reaching the windows, and through them the fire escape, stairs, consisting of four or five steps, were placed, extending from the window sill out into the room, some distance from the wall of the room in which the window was. There is a conflict in the evidence as to how far into the room the steps or stairs extended. The tenant of each of the rooms testified that the stairs extended into the middle of the room.

Ralph J. Sherman, who was in charge of the renting department of E. A. Cummings & Co., appellant's agents, testi-

fied that, shortly before appellee moved out, he went to one of the rooms, at the window of which a fire secape had been placed, which room was 18 or 20 feet square, and that the distance from the foot of the stairway to the wall in which the window was, was from 3 to 5 feet. Read, the contractor, who put up the fire escapes, and put in the stairways, testified that the stairway extended about five feet into the room, at its base. The city ordered appellee to leave the doors to the rooms in question unlocked, so that there should be access to the fire escapes. The tenants of the two rooms removed therefrom, on account of the changes mentioned, as they say.

Appellant claimed on the trial that $165 was due from appellee for rent, and appellee's attorney, on the trial, admitted that there was a certain amount of rent due, but not as much as appellant claimed. The jury found for appellee, a motion for a new trial was overruled, and judgment was rendered on the verdict.

CHARLES C. ARNOLD, for appellant.

D. R. THOMAS, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contention of appellee is that he was evicted from the two rooms mentioned in the preceding statement by appellant, his landlord, and, consequently, that there can be no recovery for rent subsequent to the eviction. In Kistler v. Wilson, 77 Ill. App. 149, the court, citing cases decided by the Supreme Court, say: "The act of the landlord, to constitute an eviction, must be of a grave and permanent character, and done 'for the purpose and with the intention of depriving the tenant of the enjoyment of the demised premises.'" In Morris v. Tillson, 81 Ill. 607, 623, it is said: "The rule laid down in Hayner et al. v. Smith and wife, 63 Ill. 430, and followed in Lynch v. Baldwin, 69 Ill. 210, and Walker et al v. Tucker, 70 id. 528, is, that the acts by the landlord, in interference with the tenant's possession, to constitute an eviction, must clearly indicate an in-

tention on the part of the landlord that the tenant shall no longer continue to hold the premises."

It clearly appears from the evidence in this case that appellant did not intend to deprive appellee of the enjoyment of the demised premises, or any part thereof; that, on the contrary, his sole intention was to comply with his legal duty, on receiving notice from the city, to erect fire escapes at the building, and that he did nothing more in the premises than he was required by law to do. Appellant, as the owner of the premises, was bound by the statute to provide fire escapes for the building on notice from the city so to do, and appellee himself might have been compelled so to do. Hurd's Rev. Stat. 1903, C. 55a, p. 983, Sections 1 to 3. See, also, Arms v. Ayer, 192 Ill. 601, construing a similar statute. The placing of the short flight of stairs in each of the rooms in question was necessary to give access to the window, and, by the window, to the fire escape. The contrary is not claimed by appellee's counsel.

In City of Chicago v. Garrity, 7 Ill. App., 474, it appeared that part of certain premises owned by Garrity, but demised by him to one Cudney, was proposed to be taken by the city of Chicago for the widening of State street in the city, and, on a proceeding to ascertain the compensation to be paid by the city for such part of the demised premises and other property to be taken for the purpose mentioned, the trial court, at the instance of Garrity, who claimed that the whole compensation for the part of the demised premises to be taken should go to him, instructed the jury that Cudney, the tenant, would be released from the payment of all rent when the city should take possession of the part of the demised premises condemned. The city appealed, and the Appellate Court affirmed the judgment of the trial court; but, on rehearing, reversed that judgment, and held, citing numerous cases, that the condemnation proceedings did not operate to extinguish the lease, in whole or in part, and that the liability of the tenant, Cudney, to pay the entire rent, continued. The case is cited with approval in Stubbings v. Village of Evanston, 136 Ill. 37, 42, in which latter case

Cassard v. Thornton.

the same doctrine is announced, the court saying: "Washburn (1 Real Prop., p. 342), in speaking on this subject, says: 'It has sometimes been attempted to apply the principle of eviction from a part of the premises, where lands under lease have been appropriated to public use under the exercise of eminent domain. * * * But the better rule, and one believed to be adopted in most of the states, is that such a taking operates, so far as the lessee is concerned, upon his interest as property, for which the public are to make him compensation, and does not affect his liability to pay rent for the entire estate, according to the terms of his lease— and this extends to ground rent. Such taking does not abate any part of the rent due.' "

In this case the erection of the fire escapes and the creation of necessary access thereto, were for a public purpose, namely, the protection of life against fire, and were acts done in obedience to law, and which appellee, at the time he took a lease of the premises, might reasonably have anticipated.

In Fleming & Bowles v. King, 100 Ga., 449, a building on the demised premises had been partly destroyed by fire, and the landlord, by order of the fire wardens of the city, enclosed the premises and pulled down the walls of the building. Held, that the acts of the landlord having been by reason of the order of the fire wardens, and for the public safety, there was no eviction.

Appellee was not released from the payment of any part of the reserved rent by the acts in question. It is proved and admitted that appellee did not pay any rent for the months of August, September and October, 1903. The total rent for said months is, by the terms of the lease, $165. It was further admitted by appellee's attorney, on the trial, that appellee owed a certain amount of rent, but not as much as $165. It having been proved and admitted that appellee paid no rent for three months of the term, if appellee claimed any offset against or deduction from the sum reserved by the lease for the three months, it was incumbent on him to prove such claim, which he wholly failed to do. We do not find

in the record any valid defense to appellant's claim for rent. The judgment will be reversed and judgment will be entered here in favor of Frank W. Cassard, appellant, and against Charles Thornton, appellee, for the sum of $165, appellant to recover his costs in this court and in the Circuit Court.

*Reversed and judgment here.*