**The John Anisfield Company, Plaintiff in Error, v. Wallace J. Covey, Defendant in Error.**

### Gen. No. 13,853.

LANDLORD AND TENANT—*what does not constitute eviction.* *Held,* that the evidence in this case did not show that the defendant had been deprived by the act or authority of the landlord of the use of the demised premises or the appurtenances thereof, and that no constructive evidence was established.

The John Anisfield Company v. Covey.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed March 20, 1908.

T. J. CROWLEY and EVERETT & McGONIGLE, for plaintiff in error; JOHN C. EVERETT, of counsel.

McKINLEY & SAMPLE, for defendant in error; WILLIAM McKINLEY, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error brought an action against defendant in error in the Municipal Court of Chicago to recover three hundred dollars, rent for the month of April, 1907, upon a lease in writing between the plaintiff in error and the defendant in error for a term expiring April 30, 1907. The premises leased was the third floor of the building Nos. 174 and 176 State street, Chicago, excepting the space reserved for halls, stairways, elevators, and appliances of the building.

The trial before the court and jury resulted in a verdict and judgment against the plaintiff in error for costs. This writ of error is prosecuted to reverse the judgment.

It was admitted on the trial that the rent for April, 1907, had not been paid, but the defendant in error claimed that he had been evicted by plaintiff in error from the premises, by which he was released from payment of the rent in question. Defendant in error also claimed that he had been damaged in his business by reason of the eviction and for this he claimed a recoupment.

It appears from the record that defendant in error covenanted in the lease that he had received the premises in good order and repair, and that he would keep them in good repair; also, that the lessor should not be liable for damages occasioned by failure to keep the premises in repair, nor for damages arising from acts or neglect of co-tenants or other occupants of adjacent

or contiguous property; also that the use of the freight elevator was not included in the lease.

The evidence shows that some time in March, 1907, defendant in error made application for a renewal of his lease, and was informed that it would not be renewed. He, therefore, procured other premises, which, about April 1, 1907, he fitted up with new furniture and appliances for the conduct of his business as a dentist, and began taking care of his patients in the new premises. He stationed a man in the hallway of the premises in question until April 30, 1907, to notify his customers where they could find him.

Defendant in error, on the trial, over the objection of counsel for plaintiff in error, and upon the promise of his counsel to connect plaintiff in error therewith by showing its authorization of the acts hereinafter stated, offered evidence tending to show that early in April defendant in error was troubled by noises caused by hammering and pounding on the north wall of the building. This pounding was done by employes of a contractor in the employ of the owner of the adjoining property who was constructing a theater therein. Small holes were dug through the wall from the outside for the purpose of attaching rods to support trusses. This work was done, it appears, without the knowledge or consent of plaintiff in error. As soon as its agents were apprised of what was going on they stopped the work. The digging of the holes through the wall occasioned much dirt and dust in plaintiff in error's building and interfered with the stairway in places.

In addition to the above it appears from the record that tenants on the top floor of the building commenced to move out of the building on April 1, 1907, and in the course of their moving left shelving and other materials in the hallway of the building for short periods of time. The passenger elevator was used sometimes by the tenants for carrying in and out packages or small boxes of stationery, but not to the extent of excluding passengers from the elevator. All this, it

appears, was without the knowledge or consent of plaintiff in error.

The record shows no evidence which, in our opinion, tends to show that any of the noise, dirt, obstructions in the hallway or elevator or stairway, was occasioned by or under any authority from plaintiff in error.

It is very properly conceded in argument by counsel for defendant in error that they are not relying upon anything done by other tenants or other persons without the authority or connivance of plaintiff in error to show an eviction, and that, "in order to constitute a constructive eviction the acts of the landlord must clearly indicate an intention on the part of the landlord that the tenant shall no longer have the full beneficial enjoyment of the premises, and such acts must be of a grave and permanent character which, in their nature, do deprive the tenant of the full and beneficial enjoyment of the demised premises." This statement of the law in substance is amply sustained by many decisions of our courts, among which are Barrett v. Boddie, 158 Ill. 479; Keating v. Springer, 146 id. 481; Smith v. Wise & Co., 58 id. 141; Dennick v. Ekdahl, 102 Ill. App. 199; and Kistler v. Wilson, 77 Ill. App. 149.

It is contended, however, on behalf of defendant in error, that both the consent and connivance of plaintiff in error, through its agents, H. O. Stone & Co., to the use of the passenger elevator for carrying freight to an extent that prevented defendant in error and his patrons from using such elevator for several hours during the day, and also to the making of holes through the walls and the noise and dirt accompanying that work, is proven by the evidence.

Upon a careful consideration of the evidence, we do not think it tends to show either that the plaintiff in error consented to or permitted the acts complained of, or that it intended to disturb defendant in error or deprive him of the use and enjoyment of the premises demised to him.

It is urged that the question of eviction is to be de-

cided by the jury in all cases, and expressions to that effect are quoted from Barrett v. Boddie, *supra,* and other cases in this state. Without doubt the question of eviction, like any other question of fact in a case at law, must be determined by the jury, but the jury can only determine the fact from competent evidence, and under proper instructions. When the defendant in error failed to show the authority of plaintiff in error's agents for the doing of the acts complained of, or the consent and authority of plaintiff in error therefor, the evidence was not competent against plaintiff in error, and its motion to exclude the evidence, and direct a verdict for plaintiff in error should have been sustained. Barrett v. Boddie, *supra.*

We do not think it necessary to discuss the errors assigned on the instructions to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*