Cafe Lakota, Defendant in Error, v. John Doyle, Plaintiff in Error.

Gen. No. 13,733.

LANDLORD AND TENANT—*what does not constitute eviction.* An eviction does not result when the landlord consents to an underletting, where the request therefor was made on behalf of the tenant.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 6, 1908.

BENSON LANDON, for plaintiff in error.

JAMES A. STEVEN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The judgment in the Municipal Court, to reverse which a writ of error has been sued out from this court, was for $450, for rent of certain space in the Board of Trade Building, Chicago, for the months of November

Cafe Lakota v. Doyle.

and December, 1906, and January, 1907. The leasing was by an instrument under seal executed by the parties to this suit. The lease was offered in evidence and received without objection. Juan L. Hurd, secretary of the defendant in error, was a witness. His testimony proved the execution of the lease and the amount of rent due at the sum for which judgment was rendered.

At the close of defendant in error's proof counsel for plaintiff in error, under the contention that an eviction was shown by the evidence of Hurd to have taken place, moved that the jury be instructed to find a verdict in favor of Doyle. The court refused to instruct a verdict as requested, and plaintiff in error failing to offer any evidence, oral or documentary, to refute the case made, the trial judge instructed the jury to bring in a verdict for the amount of the claim.

The lease contained a covenant by the lessee, Doyle, not to underlet or assign the lease without the written consent of the lessor.

Hurd testifies that a person representing himself as acting at the request of Doyle came to him and produced Doyle's copy of the lease and asked him to consent to an underletting of the demised premises, and to write such person's name in the copy of the lease presented, at the same time saying that it would make no difference with Doyle, as he was on the lease. This seems to have been done twice; first for a man named "Bateman" or "Bettyman," and second, for a man named Linsen. As a matter of fact both these men at different times paid several monthly installments of rent. If either of these men obtained actual possession of the leased premises, Doyle, or some one acting for him, must have put them into possession, for there is no evidence of the slightest character tending to show that any steps were taken by defendant in error to put either of them into possession, or that they interfered in any manner with possession of Doyle. So far as receiving rent from either of these persons is concerned. it will be assumed, in the absence of proof to the con-

trary, that they paid such rent for Doyle and in discharge of his covenant so to do. No presumption of an eviction can arise from the mere assent of defendant in error to an underletting by Doyle. Furthermore, there is nothing in this record changing in any manner the terms of the lease between the parties received in evidence without objection. It constitutes the contract of the parties, and by its terms their rights and liabilities must be measured and adjudged. A change in the copy of the lease would not affect the terms of the lease itself, and as the copy said to have been changed has not been produced, we are not at liberty to pass our judgment upon it by an inference as to the manner in which it was changed, if at all. The writing itself is the best evidence of its contents. It is not intimated that it was not in the power of Doyle to produce it upon the trial if he had so desired.

None of the authorities cited in support of the contention of counsel for plaintiff in error have any application to the facts of this case. On the subject of what constitutes an eviction, Hayner v. Smith, 63 Ill. 430, is enlightening. It was there held that to constitute an eviction by the landlord there must be an actual invasion of the demised premises or of some appreciable portion thereof, and the tenant be therefrom excluded. That a mere trespass was not an eviction. That there must be something of a grave or permanent nature done by the landlord with the intention of depriving the tenant of the beneficial enjoyment of the demised premises. Here there was no interference with the possession of Doyle whatever, merely a consent to his underletting, as required by the terms of the lease, such consent being given pursuant to a request made in behalf of Doyle.

In the condition of the proof it became the duty of the court to instruct the jury to find a verdict for the defendant in error. There being no countervailing proof or dispute, there were no questions of fact for determination by the jury.

There is no error in this record justifying a reversal

of the judgment of the Municipal Court, and its judgment is therefore affirmed.

*Affirmed.*