·E. J. Magerstadt, Executor, Defendant in Error, v. White Lumber Company, Plaintiff in Error.

### Gen. No. 17,640.

LANDLORD AND TENANT—*when attempt to make repairs is not eviction.* ·Where the lessee of a lumber yard and dock has removed most of its lumber, intends to move in a short time, and has not unloaded vessels at the dock for some time, the placing of a pile driver on the dock, which is removed within two hours after objection made, to make necessary repairs, is not an eviction, particularly where the lease permits the lessor to enter to make repairs or improvements.

Error to the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 9, 1913.

HARVEY STRICKLER, for plaintiff in error.

ADLER & LEDERER, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

The defendant in error, E. J. Magerstadt, as executor of the estate of Louis Hutt, deceased, hereinafter

called plaintiff, caused judgment by confession to be entered in the municipal court against plaintiff in error, the White Lumber Company, hereinafter called defendant, upon a written lease of a lumber yard occupied by defendant as lessee. The judgment was for the rent for April, 1911, the last month of the term of the lease. Defendant made a motion to vacate the judgment, and supported the motion by an affidavit made by the president of defendant. Upon hearing of said motion the president and vice president of defendant testified on its behalf. Thereupon the court overruled the motion to vacate, and the judgment was permitted to stand. Defendant in this court seeks to have this judgment reversed.

The facts before the trial court, briefly stated, were that defendant was engaged in the lumber business, with yards on the premises leased from plaintiff. These premises were located upon a slip from the south branch of the Chicago River, along which there was a dock 475 feet in length. That on March 16, 1911, a pile-driver was placed on the edge of the yard to fix the dock and that repairing of the dock then proceeded at that point; that plaintiff upon hearing that defendant objected to the pile-driver on its dock had the pile-driver removed within two hours; that the dock in question had a number of its piles and capping rotted away and needed repairing; that the defendant had removed most of its lumber to a new yard, and intended removing all of its lumber to this new yard about May 1, 1911, and had placed no new lumber on the premises in question for months prior to the acts referred to. No vessels had been unloaded at said dock for some time.

It is claimed that this conduct of the plaintiff in causing the placing of the pile-driver upon the dock and in making repairs constituted an eviction of the defendant from the premises which would relieve it from liability for rent. We canot give assent to this claim. The attempt to make repairs upon the dock

cannot be said to amount to an eviction. It has been said that "whether there is an eviction in any case depends on the intention of the landlord as shown by the evidence." McCormick v. Potter-Herrick Wall Paper Mills, 147 Ill. App. 487, and cases there cited. And the rule has been stated to be, and approved many times, that eviction is "not a mere trespass and nothing more, but something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises." (Hayner v. Smith, 63 Ill. 430; Lynch v. Baldwin, 69 Ill. 210; Walker v. Tucker, 70 Ill. 528.) In the light of these authorities, the evidence before the court did not justify a finding of an eviction. Furthermore, the lease contained provisions which permitted plaintiff to enter the premises for the purpose of making repairs. For instance: "The said first party shall have the right to enter said premises at any and all times by himself or his employees for the purpose of making any alterations, additions or improvements he may deem desirable, and the second party shall not be entitled to, or claim from the party of the first part, any damages or rebate resulting from the making of any alterations, additions or enlargements to said building." And again the lessee covenants to allow the lessor free access to the premises for the purpose of making "any needful repairs or alterations in said premises which said first party may see fit to make."

Finding, as we do, that the trial court correctly overruled the motion to vacate the judgment, it will be affirmed.

*Affirmed.*