Avery *et al. v.* Dougherty.

———————◆———————

No. 12,186.

AVERY ET AL. *v.* DOUGHERTY.

PLEADING.—*Exhibits.*—Where a written instrument is the foundation of a pleading and is made an exhibit, its statements will control the allegations of the pleading.

CONTRACT.—*Descriptive Words.*—Mere descriptive words appended to the name of a party to a contract are, as a general rule, regarded as a description of the person who signs the instrument, but, where the instrument on its face shows that the words are not simply *descriptio personæ,* they will be given their proper force and effect.

SAME.—*Signing by Agent.*—The lease on which the defence in this case is founded recites that "The said Marshall, agent as aforesaid, has rented to Madison and Monroe Avery," and this recital shows that Marshall was the agent of the lessor, and as such agent executed the lease.

SET-OFF.—*Tort.—Landlord and Tenant.*—The general rule is that a tort can not constitute a defence by way of set-off or counter-claim, and a mere trespass by the landlord can not be set off against an action to recover rent.

LEASE.—*Covenant for Quiet Enjoyment.*—Where there is a demise of land for a term certain, the law imports into the lease a covenant for quiet enjoyment.

SAME.—*Breach of Covenant.— What Constitutes.*—A mere fugitive trespass by the landlord will not constitute a breach of the covenant for quiet enjoyment, but an entry by the landlord, under a claim or assertion of title, will constitute a breach of the covenant.

PLEADING. —*Evidence.*—There is a distinction between inferences in matters of pleading and evidence; in pleading, facts must be positively alleged and nothing except matters of law left to inference, while in considering evidence inferences of fact may be made by the triers of the case.

From the Morgan Circuit Court.

*J. V. Mitchell* and *J. F. Cox,* for appellants.

*J. H. Jordan* and *O. Matthews,* for appellee.

ELLIOTT, J.—In the promissory notes upon which the complaint of the appellee is founded, the description of the payee is Oliver R. Dougherty. The answer to the complaint is in two paragraphs, but, as they are substantially the same, it is only necessary to give a synopsis of one of them. It is alleged that the sole consideration of the notes was the execution of a lease by the plaintiff to the defendants Monroe and Madison Avery ; that in the lease the plaintiff covenanted with the defendants that they should have the peaceable, quiet,. and undisturbed possession and enjoyment of the land therein described for the term of three years; that the defendants entered into the possession of the land ; that prior to the time the notes sued on became due, the plaintiff wrongfully, and without the knowledge or consent of the defendants, entered upon the land, cut down and worked into saw logs and staves a great number of trees; that the plaintiff and his servants. entered upon the land at seasons when the ground was soft and spongy, and also after the defendants had planted corn, with horses and wagons, and tramped and packed the ground, thereby injuring the crops of the defendants ; that the plaintiff left the tops of the trees cut down by him lying on the ground where they fell ; that the defendants were compelled to remove these tree tops at an expense of five hundred dollars ; that by reason of the wrongful entry and unlawful acts of the plaintiff, the defendants were deprived of the possession of the demised premises and greatly damaged, to wit, in the sum of five hundred dollars.

It is alleged that Jesse Avery executed the notes as the surety of Madison and and Monroe Avery. The conclusion. and prayer of the answer is substantially as follows : Wherefore defendants say that the consideration of the notes has failed, and they pray that the damages so sustained by said Madison and Monroe Avery may be recouped, and they have judgment for the money paid upon the notes by them, together with all other proper relief.

The lease is not well drawn, and is evidently the work of

an unskilful person, for many of the usual and appropriate provisions of a lease are absent. There is, however, enough in the instrument to fix the term, describe the property demised, and designate the amount of rent to be paid by the tenant; there are covenants on the part of the lessee to pay rent, to take care of the premises, and make repairs. There are no express covenants on the part of the lessor, nor is any right of entry reserved. Reference is made to the notes sued on; it is recited that they were given for the rent of the demised premises, and dates, amounts and times of maturity are stated. The introductory clause of the lease reads thus: " This agreement, made this 25th day of December, 1880, between Randolph Marshall, agent of Oliver Dougherty, guardian of his minor children, and Madison ‑Avery and Monroe Avery," and the instrument is signed " Randolph V. Marshall, agent of O. R. Dougherty."

The appellee's counsel assert that the lease is executed by Marshall, and not by Dougherty, and that the allegation that it was executed by the latter is overthrown by the exhibit. It is true that the allegations of a pleading are controlled by the statements of the instrument upon which it is founded. *Hines* v. *Driver,* 100 Ind. 315, and auth. cited p. 317. It is also true that mere descriptive words are regarded as simply describing the person. *Jackson School Tp.* v. *Farlow,* 75 Ind. 118, see auth. cited p. 123. This doctrine applies to leases as well as to other instruments. Wood Landlord and Tenant, 203. The rule is firmly engrafted in our law, but it is not easy to find any real ground for it in this country, where there are no titles, designating rank or condition in life. In England there was reason for the rule; here there is none. The better doctrine would be that the words annexed to the name may be explained by extrinsic evidence; but the rule has been too long and too firmly settled to be shaken now. While accepting the general rule to be that stated, the American authorities agree that, if the contract itself shows that the words were not used as merely descriptive of the person,

they will not be so regarded, but will be assigned their real meaning. In the instrument before us it clearly appears that Marshall was the agent of the lessor, and acted as such, for we find this recited: "That the said Marshall, agent as aforesaid, has rented to Madison and Monroe Avery." There are other provisions in the instrument clearly showing that Marshall executed the lease as the agent of Dougherty, and we have no doubt that it should be treated as having been executed by him, and that the improper description of the lessor in the introductory clause of the lease must be attributed to the unskilfulness of the draftsman of the instrument.

The general rule is that a tort can not be made to constitute a defence either by way of set-off or counter-claim. *Lovejoy* v. *Robinson,* 8 Ind. 399; *Slayback* v. *Jones,* 9 Ind. 470; *Shelly* v. *Vanarsdoll,* 23 Ind. 543; *Terre Haute, etc., R. R. Co.* v. *Pierce,* 95 Ind. 496, p. 500. If the answer is to be regarded as an attempt to set up a tort by way of counter-claim, as appellee contends, then these authorities are decisively in his favor; the appellants, however, contend that the answer does not count upon a trespass, but upon a breach of the covenant for quiet and peaceable enjoyment. The case, therefore, turns upon the question whether the answer pleads a defence founded on breach of a covenant, or pleads a defence arising out of a trespass.

It is true that the lease under examination contains no covenant for quiet enjoyment, but there is nevertheless such a covenant, for, where the demise is for a term certain, the law imports such a covenant into the lease. This principle has solid support in reason. It would be a contradiction to affirm in one breath that the tenant is invested with the right of possession, and in the next affirm that the landlord might deprive him of his right by an entry. The doctrine is, however, so well settled that it need not be supported by argument. Wood Landlord and Tenant, 564; Taylor Landlord and Tenant (7th ed.), section 304; 2 Platt Leases, 9. The lease of the appellants, by force of law, contained this cov-

enant, and a breach of it would give them a right of action against the landlord.

Having ascertained and decided that the lease contains, by force of law, the covenant for quiet enjoyment, the only remaining general question is whether the facts pleaded constitute a breach of covenant or a trespass. It is quite well settled that it is not every entry of the landlord, although wrongful, that constitutes a breach of covenant; a landlord may be a trespasser without breaking the covenant. An English writer says: " Generally speaking, a covenant for quiet enjoyment, or a bond for the performance of such a covenant, extends to secure the enjoyment against lawful interruptions only, although the word *lawful* be not contained in the covenant; the law having provided an action of trespass as the means of redressing an unlawful entry or disturbance. An early case to the.contrary has long since been virtually, if not expressly, overruled." 2 Platt Leases, 312. This, however, is the rule only where a stranger enters. Where the lessor enters the rule is somewhat different. The author from whom we have quoted says: " But a disturbance of the lessee by the lessor himself is not regarded with the same lenity, as an eviction by a stranger; it being clear, that the lessor exposes himself to an action on his covenant, although he enter wrongfully, notwithstanding the covenant provides against *lawful* evictions only; for, in such case, the court will not consider the word *lawful*; nor drive the plaintiff to his action of trespass, when by the general implied covenant in law the lessor has engaged not to avoid his own deed, either by a rightful or tortious entry. Indeed, it would hardly be consistent with reason to allow the lessor to defeat the tenancy by pleading his own wrong." 2 Platt Leases, 313. Although the law is more.strict against the lessor than a stranger, still, a mere entry, though wrongful and unlawful, will not constitute a breach of covenant. It is necessary that something more than an entry and injury be shown, for these are the elements of a trespass, it must also be shown that the

entry was an assertion of right or title, in other words, was in the nature of a total or partial eviction. 2 Platt Leases, 314; Taylor Landlord and Tenant (7th ed.), section 305.

A late writer says: "It must be remembered, however, that the act done must be in the assertion of title, and not a mere tortious act for which an action of trespass might be maintained." Wood Landlord and Tenant, 574. Another author says: "Nor will any acts of molestation, even if committed by the landlord himself, or by a servant at his command, occasion a breach of the covenant, unless they are more than a mere trespass." Taylor Landlord and Tenant (7th ed.), section 309.

In *Fuller* v. *Ruby*, 10 Gray, 285, it was said: "An interruption of a tenant, by the landlord, is not necessarily an eviction of him. And nothing less than an eviction will suspend rent, either in whole or in part. On this ruling the jury may have found their verdict on a mere trespass, or temporary disturbance of the defendant, by the plaintiff, for which the remedy was by action, and not by withholding pay for the use and occupation which was enjoyed. 1 Saund. 204, note 2; Com. Land. and Ten. 197; 5 Dane Ab. 310; *Bennet* v. *Bittle*, 4 Rawle, 339; *Ogilvie* v. *Hull*, 5 Hill, 52."

What will constitute a breach of the covenant for quiet enjoyment was defined in *Upton* v. *Townend*, 17 C. B. 30: "I think it may now be taken to mean this,—not a mere trespass and nothing more, but something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises."

In *Mayor, etc.,* v. *Mabie*, 13 N. Y. 151, DENIO, J., speaking for the court, said: "It is not, however, every mere trespass by the lessor upon the demised premises which will amount to a breach of this covenant. Although the covenanter can not avail himself of the subterfuge that his entry was unlawful, and be therefore a trespasser to avoid the consequences of his own wrong, still, to support the action of covenant,

the entry must be made under an assumption of title." The adjudged cases, with much steadiness, support these views. *Bennet* v. *Bittle, supra; Ogilvie* v. *Hull, supra; Lounsbery* v. *Snyder*, 31 N. Y. 514; *Edgerton* v. *Page*, 20 N. Y. 281; *Randall* v. *Alburtis*, 1 Hilt. (N. Y.) 285; *Campbell* v. *Shields*, 11 How. Pr. 565; *Drake* v. *Cockroft*, 4 E. D. Smith, 34; *Hayner* v. *Smith*, 63 Ill. 430. Our own case of *Slayback* v. *Jones, supra*, asserts substantially the same doctrine, although not in express terms. The authorities to which we have referred lead to the conclusion that the answer states facts constituting a trespass, and not a breach of covenant, for the reason that it does not show an entry under an assumption of title.

The question, it is proper to remark, comes to us as one of pleading, and not as one of evidence. In pleading, the rule is that facts must be directly stated, so that issue may be joined upon the averments of the complaint or answer; it is not sufficient to state mere matters of evidence. In the present instance the answer shows an entry, and shows a right of action in the defendants, but it does not show a breach of covenant, and we can not supply by inference or intendment the element essential to constitute a breach of covenant, namely, the assumption of title. Whether it might be inferred if the question were one of evidence we do not decide, for we are here concerned only with a pleading.

Judgment affirmed.

Filed June 27, 1885.