Filed September 24, 1895.

---

No. 1,663.

## MILLER *v.* MICHEL ET AL.

LANDLORD AND TENANT.—*Eviction of Tenant, What Amounts To.*—·A landlord having rented a farm to A and B for a term of five years, and before the end of the first year having put another into a house on the farm, who began to plough for wheat, the landlord having rented the farm to the latter for a term of five years, the acts of the landlord were of such a serious and permanent character as to indicate an intention upon the part of the landlord to deprive the lessees A and B of the enjoyment of the land, and amounted to an eviction from part of the land.

SAME.—*Eviction from Part.—Right to Abandon the Whole.*—If a tenant is evicted from a material part of the premises, he has a legal right to abandon the whole.

EVIDENCE.—*Inapplicable to Issues.*—Evidence not applicable to the issues is inadmissible.

From the Vanderburg Superior Court.

*J. W. Davis* and *E. Q. Lockyear*, for appellant.

*G. Palmer* and *P. Maier*, for appellees.

GAVIN, J.—Appellant leased a farm to appellees, Michel and Engelman, for five years at $700.00 per year. They paid the first year's rent and $300.00 on the last year, which was really paid in lieu of security. At the end of the first year appellees left the farm and sued to recover the $300.00, alleging an eviction by appellant,

Miller *v.* Michel *et al.*

who answered by denial, and also filed a counterclaim averring that appellees had abandoned the land and he had been compelled to re-rent to another tenant at a less price. For the difference between that and the contract price he asked to recover.

Appellant questions the sufficiency of the evidence to sustain the verdict against him. He earnestly argues that there is no evidence of eviction. There is testimony that without the consent of appellees, and before the expiration of their first year appellant put another into a house upon the place, and he began to plow for wheat, having rented the farm from appellant for a term of five years.

These acts constituted more than a mere fleeting trespass. They were of such a serious and permanent character as to indicate an intention upon the part of appellant to deprive appellees of the enjoyment of the land. These acts were done as the jury might well infer from his own testimony under an assertion of right, he deeming he was entitled to do them by reason of appellees having told him they would not keep the farm, and, as his son testifies, with the express consent of one of the appellees as to part of the acts. The evidence, while conflicting, was such as to authorize the jury to find that there was an eviction from part of the land and an abandonment by appellees of the entire land for the remainder of the term. Under the authorities, when thus ousted by their landlord from a material part they had a legal right to abandon the whole. *Avery* v. *Dougherty*, 102 Ind. 443 ; *Rice* v. *Dudley*, 65 Ala. 68; *Hayner* v. *Smith*, 63 Ill. 430 ; *Upton* v. *Greenlees*, 17 C. B. Rep. 51–67 ; *Mayor* v. *Mabie*, 13 N. Y. 151 ; *Skally* v. *Shute*, 132 Mass. 367.

In the 102 Ind. case it is said that the entry by the

landlord must be under an assumption of title, although it is intimated that on the trial this might be inferred.

In the last two cases above cited it is decided that the acts themselves may be of such a character as to be assertive of title.

Taylor Landl. and Ten., section 315, says:

"It is also implied that the tenant shall have the free use of the whole of the premises; and if he is ousted from any material part thereof he may treat it as an eviction from the whole premises and throw up the lease."

It is true, as asserted by counsel, that, if appellees had desired, they might have treated appellant's new lessee as a trespasser and ejected him, but they were not bound and did not choose to so do. Appellant opened the door that they might step out. The mere fact that they really desired to do that which he thus gave them an opportunity to do does not deprive them of their legal right to take advantage of his wrong to free themselves from a bad bargain.

An offer was made to prove the difference between the actual value of the unexpired lease and the contract price promised by appellees.

It is sufficient to say that this was not the issue tendered by appellant's sixth paragraph of counterclaim. The loss is alleged to have accrued not by reason of the terms being really worth less, but by reason of his having been compelled to rent it for less. What he rented it for does not appear, either by way of proof or offer. So far as the record discloses the new lease may have been on exactly the same terms as the old.

The written document approved by appellant was not inadmissible for the want of his signature. It was not in the nature of a writing signed by him and thus to be received as executed by him, but as a memorandum, the

contents of which had been made known to and approved by him, it was properly used in connection with the parol testimony accompanying it. *Cook* v. *Anderson*, 20 Ind. 15 ; *Miner* v. *Lornian*, 66 Mich. 530.

Judgment affirmed.

Filed September 24, 1895.