## Voss v. Capital City Brewing Company.

[No. 7,316.    Filed October 13, 1911.]

1. LANDLORD AND TENANT.—*Possession.—Failure to Give.—Answers.*—In an action by a landlord for rent, answers by the tenant that the landlord failed to yield possession of the leased premises are sufficient. p. 479.

2. LANDLORD AND TENANT.—*Leases.—Implied Covenant for Possession and Quiet Enjoyment.*—Every lease contains an implied covenant for possession and quiet enjoyment. p. 479.

3. LANDLORD AND TENANT. — *Leases. — Subletting. — Evidence. — Weighing.—Appeal.*—Evidence that the plaintiff leased to defendant certain property, agreeing to yield possession at the ex-

piration of the existing tenancy, that the defendant lessee was authorized to collect the rents for the remainder of the existing tenancy, that defendant collected such rents, accounting therefor to the plaintiff, that no notice to quit was given to determine the existing lease and the lessee held over, and that the defendant lessee paid rent for five months, will not be weighed on appeal, where there is evidence in conflict therewith sufficient to support the decision of the court. p. 479.

From Superior Court of Marion County (75,062); *Lawson M. Harvey,* Special Judge.

Action by Jay G. Voss against the Capital City Brewing Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Caleb S. Denny, George L. Denny, William F. Elliott* and *Horace L. Gould,* for appellant.

*Elmer Wetzel,* for appellee.

Adams, J.—On May 9, 1907, appellant leased certain real estate in the city of Indianapolis to appellee, for a term of five years from June 1, 1907, at a rental of $30 a month for the first two years, and $35 a month for the remaining three years. The lease was in the usual form, except for a provision "that the tenant now occupying the above-described premises is not to be disturbed during the term of his present liquor license, provided he pays the above rent." Appellee failed to pay the rent for the months of November and December, 1907, and appellant brought suit to collect it.

The one paragraph of complaint sets out a copy of the lease, and avers failure to pay the rent, as therein provided. Appellee answered in three paragraphs. The second paragraph alleges that appellant did not deliver possession of the leased premises to appellee on June 1, 1907, notwithstanding the tender of payment, and that there was, therefore, a failure of consideration. The third paragraph of answer alleges that appellee paid appellant the stipulated rent of $30 a month, for five months from June 1, and demanded from appellant possession of said premises, which

was, and ever since has been, refused; that during the five months appellee paid rent to appellant, the occupant of said premises left with appellee, at its office, the sum of $16 on the first day of every month, but received no receipt therefor, and that all the money so left by said occupant was tendered to appellant by appellee on November 1, 1907.

Appellant demurred separately and severally to the second and third paragraphs of answer for want of sufficient facts to constitute a cause of defense. The court overruled the demurrer to each paragraph, and appellant replied in two paragraphs to the second and third paragraphs of answer. The second paragraph of reply admits that appellee has not been in actual possession under said lease, but alleges that, at the time it so executed said lease, appellee, through its duly authorized agent, undertook and agreed to collect from the tenant then in possession the rent due from such tenant to appellant up to June 1, 1907, and to remit it to appellant; that said agent did collect said rent from the occupying tenant, for and on behalf of appellee, and also collected rent due to appellee for the use and occupancy of said premises after June 1, 1907; that appellee then and there gave to said occupying tenant a receipt for said rent so collected, which, in law, constituted said occupant a tenant for one year from said time, at the same monthly rental as he had theretofore paid appellant, to wit, $16 a month; that said receipt was so given to said occupant by appellee without the knowledge or consent of appellant, and that appellee thereby made it impossible for appellant to put appellee in possession of said premises, because said occupant has, with right, retained possession thereof; that appellant has never accepted any rent from said occupant, nor recognized him as a tenant since the execution of the lease, but that appellee at said time accepted said occupant as its subtenant; that the inability of appellant to put appellee in possession was due to the terms of the contract of sub-

tenancy, made by appellee, and not to any act or default of appellant.

The cause was submitted to the court without a jury. The finding and judgment was that appellant take nothing, and that appellee recover its costs. Motion for a new trial, on the grounds that the decision of the court is contrary to law, and is not sustained by sufficient evidence, was filed and overruled. Errors assigned and relied on for reversal in this court are (1) the overruling of appellant's demurrer to the second paragraph of appellee's answer; (2) the overruling of appellant's demurrer to the third paragraph of appellee's answer; (3) the overruling of appellant's motion for a new trial.

1. There was no error in overruling the demurrer to the second and third paragraphs of answer. A landlord is bound to put his lessee in possession of the leased premises, and is liable for damages if he fails to do so. *Hammond* v. *Jones* (1908), 41 Ind. App. 32.

2. A covenant for quiet enjoyment is implied in every mutual contract for leasing land, by whatever form of words the agreement is made. *Hoagland* v. *New York, etc., R. Co.* (1887), 111 Ind. 443, 446, and cases cited. "Every lessor binds himself to give possession, and not to give the party to whom he demises a mere right to take possession of a wrongdoer by an action of ejectment; and every lessee binds himself to accept possession and pay rent." 2 Addison, Contracts (3d Am. ed.) §690. See, also, *Hickman* v. *Rayl* (1877), 55 Ind. 551, 557, and cases cited.

3. The remaining error assigned—that of overruling the motion for a new trial—is predicated on the insufficiency of the evidence to sustain the decision of the court. It is claimed by appellant that an agent of appellee accepted rental from the occupying tenant at the prior rate, thus extending the tenancy for a year, the occupant becoming appellee's subtenant. The question presented, therefore, becomes one of fact to be determined from the

evidence in the record. We have carefully read the evidence, which discloses that one Krauss was the occupying tenant, holding a monthly tenancy at a rental of $16 a month, payable in advance; that the rent was due on or about the eleventh day of each month; that the sum of $12.22 was due to appellant for the balance of the month of May; that appellee's agent had agreed to collect this balance from the tenant; that the agent did collect said amount, and it was paid to and retained by appellant; that on June 1, Krauss left at appellee's office the sum of $16, and a like sum on the first day of each month, up to and including October, all of which was tendered to appellant on November 1; that appellee paid to appellant for five months the rent stipulated in the lease, and did not pay after November 1. As to these facts there is no dispute. It also appears in evidence that appellee's agent collected the balance due for the month of May, at the request of appellant, and at the time collection was made he informed Krauss that he was collecting the rent for appellant; that at the same time he informed Krauss that the premises had been leased to appellee from June 1, after which time the rental would be $30 a month. As to the truth of these statements, however, there is a sharp conflict in the testimony. We are not called on to reconcile this conflict, or to determine upon which side is the preponderance. There was some evidence before the court to support the finding and judgment, and, this being true, we cannot reverse a judgment upon the weight of the evidence alone.

The judgment is affirmed.