## HALL *v.* ALLFREE ET AL.

[No. 8,014.   Filed November 20, 1912.]

1.   APPEAL.—*Review.—Findings.—Evidence. — Sufficiency.* — On appeal, the court cannot consider the weight of the evidence or determine the credibility of the witnesses, in determining whether the finding of the trial court is sustained by sufficient evidence, but can only consider such evidence as tends to support the finding. p. 390.
2.   CONTRACTS.—*Consideration.—Inadequacy.*—The rule that inadequacy of consideration will not vitiate an agreement applies only to cases where the exchange is for something of indeterminate value, and does not apply to the mere exchange of sums of money, the value of which is exactly fixed. p. 391.

3. CONTRACTS.—*Consideration.*—*Mutual Promises.*—An agreement that the owner of patents shall share the proceeds arising from the sale, license or use of such patents with certain persons therein named, without any obligation resting on the latter, is a mere gratuity on the part of the owner of such patents, since it contains no element of mutuality essential to a contract. p. 391.

From Superior Court of Marion County (68,911); *James M. Leathers,* Judge.

Action by James B. Allfree against the Allfree Engine Company, in which William C. Hall, on his own application, was made a party defendant and, for himself and others, filed a cross-complaint. From a judgment for plaintiff, and against the cross-complainant, the cross-complainant appeals. *Affirmed.*

*Ovid B. Jameson* and *L. D. Hay,* for appellant.
*Charles O. Roemler* and *Harry O. Chamberlin,* for appellees.

ADAMS, P. J.—This action was originally instituted by appellee James B. Allfree against the Allfree Engine Company, a corporation, to recover the sum of $23,320.49, loaned to the Allfree Engine Company at different times, and which, it was alleged, said Allfree Engine Company had promised to pay on demand.

A second paragraph of complaint was filed, in which a receiver for the Allfree Engine Company was asked, not on the ground of insolvency of the corporation, but on account of a dispute among its stockholders as to the payment of certain claims, and on the allegation of imminent danger of insolvency, growing out of such internal dissensions. A receiver was appointed.

Appellant, on his own application, was made a party defendant to the action, and leave was granted to file a cross-complaint against appellee Allfree. Thereupon, for himself and others who might choose to come in thereunder, appellant filed his cross-complaint, asking that said Allfree be adjudged a trustee under a certain agreement, dated

May 25, 1901, and that all moneys collected and coming into his hands as proceeds and profits from patents mentioned in said contract be adjudged to be held by him as trustee for the use and benefit of the parties to said contract; that an accounting be had of the moneys thus received, and that cross-complainant recover judgment against said Allfree for twenty per cent of $45,000, alleged to have been received by Allfree on account of said patents.

The contract sued on and made a part of the cross-complaint is as follows:

"This agreement entered into the 25th day of May, 1901, by and between James B. Allfree of Indianapolis, Indiana; Wm. C. Hall, of Indianapolis, Indiana, Bobert Shriver, of Cumberland, Maryland; James H. Woods, of Los Angeles, California; Edgar B. Hetzel, of Indianapolis, Indiana, and James Clark, of Cumberland, Maryland, witnesseth: That, whereas, James B. Allfree has obtained certain letters patent of the United States, bearing number and date, as follows, to wit: No. 613,184 for Engine Valve Gear, dated Oct. 25, 1898. [Here follow various patents with number and date.] All of which said letters patent are now owned by said James B. Allfree. And whereas, it is intended hereby, and agreed that all parties hereto shall participate in any and all profits and proceeds arising from the sale, license or use of said letters patent, or machines containing said patented improvements, in the proportions named below; Now, in consideration of the premises and of one dollar by each to the other paid, the said parties hereto mutually agree that the said patent shall be managed, licensed, sold and operated by the said James B. Allfree, for the benefit and behoof of all the parties hereto and the proceeds and profits accruing therefrom received, or to be received by said Allfree shall be and become the property of all the parties hereto, in the proportion as follows, to wit: James B Allfree, thirty-three and one half (33½) per cent. Bobert Shriver, thirty-three and one half (33½) per cent. William C. Hall, twenty (20) per cent. James H. Woods, ten (10) per cent. Edgar B. Hetzel, two (2) per cent. James Clark, one (1) per cent. To be distributed from time to time to said parties by said Allfree in said proportions. And the said James H. Woods especially

agrees that this agreement is to operate in his favor only on condition that he shall take $10,000 of the common stock of the Allfree Engine Company as provided by a certain agreement between said Woods and said Company, of even date herewith; and in case he shall decline to take the common stock of said company as herein provided, then he shall not participate in this agreement, and the share of ten (10) per cent provided for in his name shall not accrue to him, but shall be and become the property of said James B. Allfree and said Robert Shriver in equal shares of five (5) per cent each. And the said James B. Allfree agrees that he will well and truly collect, receive and account for all such proceeds and profits, and the same coming into his hands divide and pay over to the several parties hereto in the proprotions set forth. And to this binds himself, his heirs, and assigns. In witness whereof,'' etc.

The cross-complaint was answered by plaintiff Allfree in three paragraphs. In the second paragraph it is averred that the contract sued on was given without consideration. This was the question submitted and determined in the court below. The court found for plaintiff for the full amount of his claim, and against the cross-complainant on his cross-complaint, and rendered judgment accordingly.

The error assigned and relied on for reversal arises on the overruling of appellant's motion for a new trial. The court found for appellee Allfree, on the ground that the contract set out in the cross-complaint was executed without consideration. This is the only question presented by the briefs of counsel, and is one that must be determined

1. from the evidence. But, in determining whether the finding of the court was sustained by sufficient evidence, the rule is well established, that we can only consider such evidence as tends to support the finding. Where the evidence is conflicting, we cannot consider the weight of the evidence or determine the credibility of the witnesses. These are matters for the trial court. *Robinson & Co.* v. *Hathaway* (1898), 150 Ind. 679, 681, 50 N. E. 883; *Board, etc.,* v. *Eaton* (1906), 38 Ind. App. 30, 32, 77 N. E. 958;

*Voss* v. *Capital City Brewing Co.* (1911), 48 Ind. App. 476, 96 N. E. 11; *Holthouse* v. *State, ex rel.* (1912), 49 Ind. App. 178, 97 N. E. 130.

Appellant, while conceding the rule to be as herein stated, insists that the contract itself shows a sufficient legal consideration; that a consideration of $1, in the absence of fraud, is always adequate to sustain a contract. Assuming that the stipulated consideration of "one dollar by each to the other paid" is something more than a mere trading of dollars by the parties, it is not true that a consideration of $1 will in all cases support a contract, in the absence of fraud. It is generally true that inadequacy of consideration will not vitiate an agreement, but this rule must be limited to cases where the exchange is for something of indeterminate value, and does not apply to a mere exchange of sums of money, the value of which is exactly fixed. *Schnell* v. *Nell* (1861), 17 Ind. 29, 79 Am. Dec. 453. Morever, the evidence other than the contract itself, does not show that $1 was either paid or tendered by any of the parties.

Appellant also urges that the mutual promises of the parties as set out constitute a sufficient consideration for the agreement, which shows that it was entered into in consideration of the "premises". What are the premises? Obviously that James B. Allfree is the owner of certain valuable patents, and it is intended that all the parties to the agreement shall share in the profits and proceeds arising from the sale, license or use of said patents. There is no obligation shown to rest on appellant or the other parties to the agreement. As far as appears from the premises, the whole transaction was a pure gratuity on the part of Allfree, and no element of mutuality is disclosed.

Other propositions urged by appellant pertaining to the question of consideration, as shown by the evidence, cannot be considered without presuming to weigh the evidence

given at the trial. This we cannot do. A reading of the record discloses ample evidence to support the finding of the trial court.

The judgment is affirmed.

NOTE.—Reported in 99 N. E. 813. See, also, under (1) 3 Cyc. 348; (2) 9 Cyc. 366; (3) 9 Cyc. 327. As to the inadequacy of the consideration for a contract, see 56 Am. Rep. 332; 81 Am. St. 665. As to the sufficiency of consideration to support promise, see 39 Am. St. 743.