AULT ET AL. *v.* PHILLIPS ET AL.

[No. 16,369. Filed May 28, 1940. Rehearing denied November 12, 1940. Transfer denied January 20, 1941.]

536

*McClellan & McClellan* and *Sidney E. McClellan,* all of Muncie, for appellants.

*F. Clayton Mansfield* and *Van L. Ogle,* both of Muncie, for appellees.

STEVENSON, J.—On the 3rd day of March, 1936, the appellants, Ross E. Ault and Janet B. Ault, filed a suit to recover possession of a 200-acre farm located in Delaware County, Indiana, which farm was then occupied by the appellees as tenants. This complaint was accompanied by an affidavit for immediate possession and the appellees having been served with a notice, failed to post a bond. At the end of the five-day period the appellants Ross E. Ault and Janet B. Ault executed a bond with the appellants Georgine E. Pazol, Harry D. Pazol, and Lewis H. Acker as sureties thereon. This bond contained the provisions that "said plaintiffs will prosecute the above entitled cause of action for possession with effect and that they will pay to the defendants any and all damages they may suffer should their actions be wrongful or oppressive." Upon the execution and filing of this bond the sheriff of Delaware County removed the appellees and their property from the prem-

ises described into the adjoining highway. The suit for possession in which this bond was filed was tried on the 24th day of April, 1936, before a jury and the jury returned a verdict for the defendants, appellees herein. Judgment was rendered upon this verdict.

This complaint for breach of bond was filed on the 23rd day of July, 1936, by Velvia Phillips, to which complaint appellee Rhoda Phillips was made a party defendant. Rhoda Phillips was defaulted in this proceeding. The complaint, as amended, alleged the proceedings had in the suit for ejectment and contained among other allegations the following averments as to items of special damage; "that on account of ejectment of the plaintiff from said premises and removal of plaintiff's goods and property therefrom and on account of plaintiff and his family and said goods and property being turned out on the highway adjoining said premises, plaintiff suffered and sustained great mental anguish and was greatly humiliated and embarrassed." The complaint further alleged that "while the plaintiff's goods and property was being removed from said premises to said highway, said sheriff and the men assisting him as aforesaid injured and damaged the plaintiff's property as follows: 3 linoleum rugs were torn and destroyed; 1 dresser was dropped and pieces thereof were broken from the same; the keys of one piano were broken, the lid of said piano was scarred, certain veneering on said piano was broken; both arms of a davenette were broken, the cookstove was broken, all to the plaintiff's damage in the sum of $100.00." The complaint further alleged that at the time the plaintiff was evicted from the premises certain property of his consisting of corn, oats, and farming implements were not removed by the sheriff and that the same became lost to the plaintiff and that the property so lost was of the value

of $100.00. After relating other elements of damage the complaint concluded with a prayer for $100.00 as reasonable attorney's fees for services performed by the plaintiff's attorney in defending said ejectment suit. The complaint prayed judgment generally for damages in the sum of $3,000.00. To this complaint the appellants filed their separate motion to strike out and reject certain parts including those parts above quoted. The court overruled the motion to strike out the first specification seeking damages for humiliation and mental anguish and also the second specification seeking damages for property damaged and destroyed by the sheriff while removing the same from the premises. These rulings constitute the first and second assignments of error on appeal.

The court sustained the motion and struck out the allegations for damages for loss of property left upon the premises and also struck out the request for attorney's fees.

The appellants, Ross E. Ault and Janet B. Ault, then filed a counterclaim in which they sought to recover damages for an alleged breach of the contract of tenancy on the part of the appellees, and to this counterclaim, Velvia Phillips, appellee, filed an answer in general denial. The case was submitted to a jury for trial and the jury returned a verdict for the appellee, Velvia Phillips, and against all the appellants in the sum of $1,800.00. The jury found against the appellants Ross E. Ault and Janet B. Ault on their counterclaim. Judgment was rendered on this verdict.

A motion for new trial was subsequently filed and overruled and this ruling constitutes the third error assigned on appeal. The motion for new trial alleged generally that the verdict of the jury was not sustained by sufficient evidence and is contrary to law, that the

damages assessed are excessive and error in the giving of certain instructions.

The first question presented for our consideration is whether or not mental anguish, humiliation, and embarrassment are proper elements of damage in a suit on an ejectment bond.

The statute in this state which authorizes the giving of bonds in ejectment proceedings provides that if the defendant in the ejectment suit fails to give a bond, if he elects to remain in possession of the premises, possession may be delivered to the plaintiff if the plaintiff shall furnish a written undertaking payable to the defendant "with sufficient surety to be approved by the sheriff, to the effect that the plaintiff will prosecute his action with effect, that he will pay to the defendant any and all damages he may suffer should his action be wrongful or oppressive." § 3-1306, Burns' 1933.

The appellants in this case executed the bond in suit under the authority of this statute and the covenant of the bond was in the language of the statute above quoted. It has been decided by both our Supreme Court and this court that a tenant in a suit to recover damages for wrongful ejectment is entitled to recover as an element of damages, compensation for any mental anguish or injury to pride or social position occasioned by such wrongful eviction. As was said by our Supreme Court in the case of *Moyer* v. *Gordon* (1888), 113 Ind. 282, 288, 14 N. E. 476:

"The jury were authorized to take into consideration and compensate the appellee for the actual injury to his goods and property, the actual inconvenience and expense of being deprived of their use and of restoring them to their proper places, in addition to which he was entitled to compensation for any bodily or mental anguish or suffering, for injury to his pride and social posi-

tion, and for the sense of shame and humiliation at having his wife and family turned out of their home into the public street."

This same rule is announced in the case of *Grabowski* v. *Benzsa* (1923), 80 Ind. App. 214, 221, 222, 140 N. E. 76:

> "Appellant finally contends that the damages assessed are excessive. In considering this contention it should be borne in mind that appellees, if the jury found in their favor, were entitled to recover compensation, not only for the actual injury to their goods, if any, and for the actual inconvenience and expense sustained in being deprived of their use, and in retaking the same, but also for any bodily or mental suffering or anguish, injury to their pride, and for any sense of shame and humiliation arising from being forcibly ejected from their home, and turned out on the public street." See also Sutherland on Damages, Vol. 3, Fourth Edition, page 3202; Sedgwick on Damages, Vol. 3, Ninth Edition, Sec. 988a.

It being clear therefore that the appellee was entitled to recover for the shame and humiliation and mental distress occasioned by this wrongful eviction in an action brought by him directly against the appellants, Ross E. Ault and Janet B. Ault, as landlords, it is our opinion that these same elements of damage are covered by the bond and undertaking given by the appellants, Ault and Ault, as landlords, in the ejectment proceeding. By this undertaking the appellants promised to pay "any and all damages he (appellee) may suffer should his (appellant's) action be wrongful or oppressive." If the elements of humiliation, shame, and mental anguish are proper in a proceeding directly against the wrongdoer they are proper in a proceeding on the wrongdoer's bond under this statute. It was the obvious intention of the Legislature in the enact-

ment of this statute to deprive the tenant of no rights or remedies which he would otherwise possess should he be wrongfully evicted. The statute merely provides a method of procedure by which possession may be immediately and peaceably obtained and if the eviction is subsequently determined to have been wrongful the remedy is by an action on the bond. As was said by our Supreme Court in the case of *Steve* v. *Colosimo* (1937), 211 Ind. 673, 677, 7 N. E. (2d) 983:

> "Since Chapter 254 was enacted, the defendant may give bond, as he did in this case, and hold possession, or he may waive that privilege and the plaintiff may give bond and take immediate possession. If it is determined on final hearing that the plaintiff's action was wrongful, the defendant's remedy is an action upon the bond."

It is our opinion, therefore, that the appellee, Velvia Phillips, was entitled to recover in an action on the bond any damages which he would have been entitled to recover in a direct action against the wrongdoer for wrongful ejectment. Any other interpretation would limit the liability on such bond to something less than all damages which the appellee has suffered by reason of the wrongful act. There was accordingly no error in overruling the motion to strike out of the complaint those allegations of special damage occasioned by shame, humiliation, and mental anguish.

For the same reason there was no error in overruling the motion to strike out the allegations of special damage occasioned by the sheriff and his men in the removal of the appellee's property from the premises. The act of the sheriff and his men in placing the appellants, Ault and Ault, in possession of the premises was procured by the appellants, Ault and Ault. The evidence shows that the appellant Ross

E. Ault was present at the time this property was being removed as a part of the proceedings wrongfully instituted by him. This is sufficient to render the appellant liable for the wrongful acts charged on the part of the officers.

"In order to render appellant liable for the wrongful acts charged, it is not necessary that the evidence should show that he personally laid hands upon either of the appellees or their property. It suffices if he aided and abetted therein, by being present and giving encouragement. . . . The evidence tends strongly to show that he procured the issuance of the invalid writ of restitution, went to the premises in question with the officer and his deputies, was present when the several wrongful acts alleged occurred, and not only failed to enter any protest, but offered encouragement to the aggressive participants. Therefore, he cannot escape liability on the ground of nonparticipation." *Grabowski* v. *Benzsa, supra,* page 221.

The authorities generally hold that an individual who wrongfully directs an officer to levy upon property is liable as a principal for any unlawful conduct or damages occasioned by the trespass. The Court of Appeals of New York in holding· the defendants liable in damages for wrongfully instituting attachment proceedings said:

"Their liability for the original trespass committed by the sheriff was presumptively established by their approval and satisfaction of his act, manifested by the execution of a bond of indemnity to him. The sale of the property was secured by this bond, and the defendants were thereby shown to have exercised a controlling authority over the action of the sheriff in procuring the consummation of the wrong complained of, and thereby made themselves liable as principals for the original unlawful taking." *Dyett* v. *Hyman* (1891) 129 N. Y. 351, 29 N. E. 261, 262.

See also *Western Bond and Mortgage Co.* v. *Chester* (1927), 145 Wash. 81, 259 P. 13; *Seagraves* v. *Newbern* (1937), 56 Ga. A. 437, 192 S. E. 834; 26 R. C. L. 1120; 7 C. J. S. 595.

It is our opinion, therefore, that the appellants are liable for the damages occasioned to the appellee's property in its wrongful removal from the premises and the court did not err in overruling the motion to strike out the allegations dealing therewith.

The appellants further contend under their third assignment of error that the court erred in overruling appellants' separate and several motion for new trial. The reason given in support of this assignment is that the damages assessed by the jury are excessive. This is Specification 5 of the appellants' motion for new trial. The specification that the damages are excessive is a ground for new trial in actions for tort only. *Lester* v. *Hinkle* (1929), 90 Ind. App. 193, 153 N. E. 179; *State Life Ins. Co.* v. *Sare* (1939), 215 Ind. 68, 17 N. E. (2d) 100. When the action is predicated on a breach of contract, a motion for a new trial on the ground that the damages assessed by the jury are excessive raises no question as to the amount of the recovery. The question whether the amount of recovery is too large in actions for breach of contract is presented by assigning as a ground for new trial "error in the assessment of the amount of recovery, the amount being too large." *Brown* v. *Guyer* (1917), 64 Ind. App. 356, 115 N. E. 947; § 2-2401, Burns' 1933. We hold therefore that no question is presented by the appellants as to any error in the amount of recovery.

The appellants contend under the third assignment of error that the court erred in giving to the jury

Instruction No. 14, which informed the jury ■ that it might take into consideration in estimating the plaintiff's damages any actual injury to his goods and property by reason of his eviction and also any humiliation he experienced, caused by said eviction. As heretofore stated, it is our opinion that these elements were proper elements of damage for the jury to consider and there was accordingly no error in the giving of this instruction. The court did not err in overruling the appellants' motion for new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

NOTE.—Reported in 27 N. E. (2d) 379.