## OBERLIN *v.* PYLE.

[No. 17,014.   Filed July 16, 1943.   Rehearing denied October 12, 1943.]

*William L. Craig* and *Edmund L. Craig,* both of Evansville, *Paul F. Mason,* of Rockport, and *Jerdie D. Lewis,* of Terre Haute, for appellant.

*Frank H. Hatfield* and *Joe S. Hatfield,* both of Evansville, for appellee.

DRAPER, J.—Action for personal injuries brought by appellee against appellant. Trial by court without intervention of a jury and finding and judgment for damages in the sum of $2,500. Motion for new trial overruled, which ruling is the only error assigned. Appellant by his pleadings admitted liability and none of the allegations of the complaint except those relating to the nature and extent of appellee's injuries and the amount of expense incurred by him as the result thereof were controverted.

The court admitted in evidence a number of interrogatories propounded by the appellee to the appellant before trial, some of which had been stricken out on motion of appellant, but most of which had been answered by him, and the answers were also separately admitted in evidence, all over objections made by the appellant that since he had admitted liability there remained for adjudication only the question of damages, to which question the interrogatories and answers thereto did not go. Interrogatory No. 8 which had been ordered stricken by the court and which had not been answered, was introduced along with the others and reads as follows: "On the 29th day of June, 1941, was Eugene A. Ferrell in your employ, operating a motor truck, driving south on Federal Highway 41 in Benton County, Indiana, and while so driving near the town of Boswell, did he have an accident with said truck, resulting in the death of Sarah Elizabeth Pyle?" None of the interrogatories or answers thereto did go to the question of damages but only established liability on the part of the appellant.

Section 2-1028, Burns' 1933 provides that either party may propound interrogatories to be answered by the opposite party under oath, and further provides that the answers thereto may be used on the trial or not at the option of the party requiring it. The appellant having by his pleadings admitted liability for the injuries sustained by the appellee, no proof thereof was required for the purposes of the action, for such admission of liability will be taken as true against the party making it without further controversy and without proof. *Johnson, Executor,* v. *Kent and Another* (1857), 9 Ind. 252; *The New Albany and Vincennes Plank Road Company* v.

*Stallcup* (1878), 62 Ind. 345; *Bell et al.* v. *Pavey* (1893), 7 Ind. App. 19, 33 N. E. 101. In particular it is contended that the admission in evidence of interrogatory No. 8 was erroneous in that it served only to prejudice the trial court by calling its attention to the death of the plaintiff's daughter in the same accident. The same trial court had previously recognized the impropriety of the interrogatory and had ordered it stricken and he therefore knew of its presence in the record without its admission in evidence. It remained unanswered because of the trial court's ruling and to us it is inconceivable that a trial court would be influenced in his judgment by an unanswered interrogatory which he himself had decided was an improper one and had ordered stricken. The other interrogatories and their answers proved no more than had been admitted by appellant's answer and we therefore hold that while it did serve to encumber the record, the introduction in evidence of the interrogatories and the answers thereto were not prejudicial to the appellant.

On cross-examination of appellant's medical doctor, the appellee offered and the court admitted in evidence what the witness said was an office copy of a ██ report written by the witness relative to the condition in which he found the appellee upon examination sometime after the accident. The appellant contends that this letter was inadmissible because the appellant made no proof that he had tried to obtain the original or had obtained an order to produce the original; or that the original was unobtainable or that the copy was a true copy of an original which had been lost or destroyed. He further asserts that it was inadmissible because it was an unproved copy used to impeach the witness. However, as we have said, the

witness admitted that it was an office copy of the report written by him, and it also bears his signature. In his objection the appellant referred to it as a carbon copy. Such copies are to be regarded as duplicate originals, of which any may be read in evidence without accounting for the others. *Massachusetts Bonding and Insurance Company* v. *State, ex rel. Summers* (1925), 82 Ind. App. 377, 146 N. E. 116. We therefore see no error in admitting it over the objection urged.

The remaining contention of the appellant is that the assessment of the amount of recovery is erroneous, being too large, and this requires an examination of the evidence. It shows that the appellee was at the time of the accident just past seventy-seven years of age, and had a life expectancy of five to six years. He was struck by the appellant's truck from behind, sustaining a deep wound three-quarters of an inch long on the inner side of the left elbow and a fracture of the left arm near the elbow joint, with much contusion and hemorrhage into the soft tissues which has resulted in much pain and suffering and a permanent twenty-five percent loss of use of the arm and an enlargement on the medial side of the elbow. After the accident he was more or less unconscious and irrational for four days and was kept under narcotics for pain for approximately five days. He now requires assistance to bathe and dress himself, is restless, sleepless, nervous and weak and requires much attention. He is not as quick and alert mentally as before and requires daily medication. He has lost and will lose nothing in the way of income. His expense as a result of the injuries was $141.00.

To sustain appellant's contention that the damages assessed are excessive we would be required to hold

that the amount fixed is so large that it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, corruption or that some improper element was taken into account. *Chicago, Indianapolis and Louisville Railway Company* v. *Stierwalt* (1928), 87 Ind. App. 478, 153 N. E. 807. This we cannot do. We cannot substitute our judgment for that of the trial court unless it can be said that the amount assessed is so excessive or outrageous with reference to the circumstances of the case as to demonstrate that the court suffered his passion, prejudice or perverse disregard of justice to mislead him, or unless it is apparent that some improper element was taken into account by the Court in determining the amount. *Chicago, Indianapolis and Louisville Railway Company* v. *Stierwalt, supra.*

The appellee in his complaint alleged that he was injured in particulars not above mentioned which were not proven, and the appellant asserts that the trial court undoubtedly considered and based his judgment on allegations of the complaint which were not supported by proof on the trial of the cause. "A cause of action is not defeated because all of the elements of damage alleged are not proven." *Prather et al.* v. *City of Springfield* (1917), 202 Ill. App. 406. We certainly cannot assume that in reaching its decision the trial court went outside the evidence and relied upon allegations of the complaint unsupported by the evidence.

Finding no error the judgment is sustained.

Note.—Reported in 49 N. E. (2d) 970.