BOWERS ET AL. *v.* SELLS ET AL.

[No. 18,453.   Filed December 7, 1954.
Rehearing denied March 11, 1955.]

*Gregory A. Gelderman,* of Chicago, Illinois, and *F. LeRoy Wiltrout,* of Elkhart, for appellants.

*Marshall F. Kizer* and *James H. Neu,* of Plymouth, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action brought in ejectment by the appellants Bowers, Bowers and Schacht against the appellees to obtain possession of a restaurant building and storage shed. Issues were joined upon appellees' Sells and Sells cross-complaint against the appellants Bowers, Bowers and Schacht, plaintiffs in the court below, and against the appellant Maynard Moon and two others who are not parties to the judgment below.

The prayer of the cross-complaint asked that one Maynard Moon, William Hern and Blossom Ouellette be made defendants to answer to their interest in such real estate, and such prayer asked in the alternative that if plaintiffs Bowers, Bowers and Schacht are found not to have any interest in said real estate due to the aforesaid prior lease to the defendants, that the defendants should recover from plaintiffs the sum of $10,000, and that if the plaintiffs recover possession of said real estate that these plaintiffs shall recover said damages from said Maynard Moon and said William Hern and for all other proper relief.

Trial was had by a jury on the issues formed on the complaint in ejectment and the appellees' answer and cross-complaint, and judgment was rendered on the

verdict of the jury in favor of the appellee Ruth Sells and against the appellants Bowers, Bowers and Schacht and Moon for the sum of $7,000. Appellants filed a motion for a new trial which was overruled and this appeal followed. The sole assignment of error is that the court erred in overruling appellants' motion for a new trial, the grounds of which motion were that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

From the record it appears that one Blossom Ouellette, who owned a tract of land upon which was located a filling station and also the restaurant building and storage shed which is involved in this litigation, leased the same to one William Hern from 1945 to November 30, 1955. William Hern subleased the premises to the appellant Maynard Moon, by the terms of a sublease running to November 30, 1950, with an option to renew the same for five years to November 30, 1955. The appellant Maynard Moon subleased the restaurant building and storage shed to appellee Ruth Sells on May 9, 1946, for ten years. On October 30, 1948, Blossom Ouellette executed a written agreement with William Hern whereby the Hern lease was terminated as of October 31, 1948, and Hern agreed to surrender the premises on October 31, 1948. On November 1, 1948, Blossom Ouellette leased the premises to appellants Bowers, Bowers and Schacht, to be occupied as a gasoline and oil station and for no other purpose. On November 8, 1948, Hern and the appellant William R. Bowers went to the appellant Moon and Hern introduced Bowers to Moon. Bowers stated to him that he was the new owner. Bowers asked Moon to surrender the lease which he held to him, which Moon did, cancelling the same and surrendering it to him. Bowers orally sublet the premises to appellant Moon on a month to month basis at

an increased rental. There was substantial evidence of restaurant signs constituting constructive notice to the appellants that the restaurant of appellees was located upon the premises. Maynard Moon, on December 6, 1948, served a 30-day notice to quit upon the appellees. The appellee Ruth Sells continued to operate the restaurant on the premises and tendered the $25 monthly rental to appellant Moon thereafter up until the time of the service of the clerk's order directing seizure of the real estate in the present suit, which was filed on June 1, 1949, by the appellants Bowers, Bowers and Schacht against the appellees.

From the record it is apparent that the appellees held a valid lease to the premises in question, and that the interest of appellants Bowers, Bowers and Schacht was not paramount to that of the appellees. The appellants in their briefs do not seriously question the judgment against Bowers, Bowers and Schacht except as to the matter of damages. However, they insist that the verdict against Maynard Moon is contrary to law because the same is not sustained by sufficient evidence. Appellant Moon was made a party to the proceeding on the cross-complaint of the appellees wherein the lease for ten years between appellant Moon and appellees Sells and Sells was set out. The cross-complaint alleged that appellees had complied with all the terms of the lease and that they had been ousted from possession during such term and were damaged thereby.

From the evidence it appears that Maynard Moon surrendered his lease under which the appellees were claiming as sublessees to William Hern, and refused to accept monthly rental from Ruth Sells. He executed a notice to quit directed to the Sells, signed by him, and caused it to be served on them, and although rent was offered to him he refused to accept

the same. After the suit was filed by Bowers, Bowers and Schacht, and possession was secured under an affidavit for immediate possession in the ejectment suit, Moon took possession of the premises in question, and when he was made a party to the proceedings he denied the lease with the Sells, and he was a witness in the case against Sells and Sells. It should be noted also that the appellant Moon had leased the premises to the appellees Sells for a period of ten years, which term of years did not expire until May 9, 1956, which was approximately six months after the expiration of his original lease from Hern. This lease to the appellees Sells from Moon contained no express covenant as to quiet enjoyment. However, where there is a lease of land for a term of years the law imports into the lease a covenant for quiet enjoyment. *Avery* v. *Dougherty* (1885), 102 Ind. 443, 2 N. E. 123; *Voss* v. *Capital City Brewing Co.* (1911), 48 Ind. App. 476, 96 N. E. 11; *Jordan* v. *Indianapolis Water Co.* (1902), 159 Ind. 337, 64 N. E. 680; 14 Am. Jur., Covenants, Conditions and Restrictions, §90, p. 543.

We are therefore called upon to decide whether, under the pleadings and issues in the instant case, there is sufficient allegation and proof of the breach of covenant of quiet enjoyment by Moon, or other circumstances shown by the record under the pleadings, which would justify the judgment against him. ". . . notice to quit, wrongfully given by the landlord to the tenant, constitutes a constructive eviction, if followed by a surrender of the premises, but not otherwise; a mere notice to quit, followed by the vacation of the premises by the tenant, does not constitute a constructive eviction, for there must be some additional feature, such as harassing incidents disturbing to the tenant's possession and occurring on the property." 52

C. J. S., Landlord and Tenant, §458, p. 179, and cases therein cited.

A covenant for quiet enjoyment is not broken by a disturbance of possession by one who asserts an inferior right to possession, as the appellants Bowers, Bowers and Schacht attempted to do in the instant case. The remedy of the lessee, in the case of disturbance of possession by one with an inferior title, is against the wrongdoer, and not the covenantor. However, the acts of a third person may constitute an eviction if the landlord authorizes them or consents thereto, or fails in a duty incumbent upon him to protect a tenant from them or from their consequences. *Miller* v. *Michel* (1895), 13 Ind. App. 190, 41 N. E. 467; 14 Am. Jur., Covenants, Conditions and Restrictions, §90, pages 543 and 544; 52 C. J. S., Landlord and Tenant, §448, p. 164.

Applying the foregoing rules of law to the facts in the instant case, where appellant Moon surrendered his lease to another and caused a notice to quit to be served upon the appellees Sells, which acts in themselves do not constitute a constructive eviction, however, when coupled with his acts in denying the lease in his answer filed in this case, and in later taking possession of the premises in question, it seems clear that he has failed in the duty which he owes to the appellees by virtue of his implied covenant to quiet enjoyment, and has treated the lease contract at an end, and consequently should not be entitled to complain of the judgment against him. The taking of possession of the premises by Moon under a subsequent lease was such an act constituting an assertion of title contrary to the leasehold interest of the appellees which constituted a breach of the implied covenant of quiet enjoyment.

The next question which we have to consider is whether or not the damages assessed by the jury were excessive and whether or not there was error in the amount of the recovery. The appellants contend that the amount of recovery is too large and that there is insufficient evidence to support the verdict of $7,000. The proper measure of damages is the difference between the value of the leasehold for the unexpired term of the Sells' lease and the amount that such lessees were bound to pay under the terms of the lease. *Maddox* v. *Yocum* (1944), 114 Ind. App. 390, 52 N. E. 2d 636; *Western Indiana Gravel Company* v. *Opp* (1951), 121 Ind. App. 673, 99 N. E. 2d 265. Appellants' assignments of error questioning the amount of damages seem to be predicated upon their contention that the appellees are limited in their recovery to the rental value of the building as a vacant room, and that the evidence of the rental value of such premises when occupied by a going business was not proper to be considered in determining damages. In the event that the holder of a leasehold interest, either through the force of circumstances of an ejectment suit or by his own choices, keeps the premises in question closed or does not use the premises, such action does not reduce the value of such leasehold to its value as a vacant room. The law is well established that loss of profits, when they can be ascertained with a relative degree of certainty, may be taken into account in ascertaining the damages resulting from an interrupting of a leasehold interest. *Maddox* v. *Yocum, supra; The City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542, 13 N. E. 686. While under the issues and the evidence there is some question as to the extent of the claim of appellees for loss of profits, there is evidence that the rental value of the leasehold in the instant case was $125 per month and

the rent to be paid under the terms of the lease was $25 per month. In addition, the jury was entitled to take into account as an element for damages for wrongful ejectment, compensation for mental anguish or injury occasioned by wrongful eviction. *Ault* v. *Phillips* (1941), 108 Ind. App. 535, 27 N. E. 2d 379.

It is well settled that a judgment for unliquidated damages will not be reversed unless the amount fixed is so large that it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, or corruption. *Oberlin* v. *Pyle* (1934), 114 Ind. App. 21, 49 N. E. 2d 970; *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944. From an examination of the record in this case it does not appear that the damages assessed by the jury were excessive, nor can it be said as a matter of law that the verdict of the jury was a result of prejudice, passion, partiality or corruption.

For the reasons given herein the judgment is affirmed.

Royse, P. J., not participating.

## ON PETITION FOR REHEARING

BOWEN, J.—In response to appellants' petition for rehearing, and the brief in support thereof, in which counsel for appellants indulges in personal criticisms, and in unwarranted, immoderate, and disdainful references to the actions of this court, we wish to acknowledge our fallibility with a full recognition that we as individuals, and sometimes as a court, may fall into error, and that we welcome, and as a court, have a constant interest in petitions for rehearing to the end that justice may be done to the litigants. Therefore, we have given a full consideration to the matters presented in appellants' petition for rehearing with due regard for the original briefs and records in this case.

Counsel asserts that this court was led into error because of a misunderstanding of the facts and a misunderstanding of the contentions of appellants. In his brief on petition for rehearing he asserts that there was no evidence whatsoever of the fair rental value of the premises, and if there was such evidence, "then appellants have no ground to complain of the amount of the verdict." The following testimony of appellee, Seth Sells, is to be found in the record:

"Q. What, in your opinion, was the fair rental value per month of this restaurant and the manner in which you were operating there in March, 1949, and for the years subsequent to that on a per month basis?"

"A. $125.00 per month at least, for that location would be very reasonable."

This witness was properly qualified as a witness to testify concerning such value and the record shows that he was familiar with the rental values and what properties for restaurant purposes were renting for in and around South Bend. The appellee, Ruth Sells, testified as follows:

"Q. Now as to the rental value of your property out there on Lincolnway, Mrs. Sells, as you had established it and got it going along up to 1948 when this trouble started, what in your opinion was the rental value of that premises there with this established business along with it per month?"

"A. I would agree with the figure that Mr. Sells gave. About $125.00 per month."

This testimony showed the rental value of such premises to be $125.00 per month, and when the agreed lease rental of $25.00 per month is subtracted therefrom, and taken in consideration along with the other evidence in this cause, it was sufficient to substantiate the judgment of the trial court.

The appellants insist that this court misstates the contention of appellants and objects to the following paragraph from the opinion:

"Appellants' assignments of error questioning the amount of damages seem to be predicated upon their contention that the appellees are limited in their recovery to the rental value of the building *as a vacant room,* and that the evidence of the rental value of such premises when occupied by a going business was not proper to be considered in determining damages."

Appellants insist that we are in error in stating that their contention is that the recovery should be limited to the rental value of the building as a vacant room. After a re-examination of appellants' briefs and appellants' petition for rehearing, we wish to say advisedly that that is exactly the position taken by appellants in this case. Immediately following appellants' references to our alleged misunderstanding of such contention, in their petition for rehearing they assert:

"At the time Ruth Sells was evicted from the premises, the premises had been vacant for over three months. The witnesses weren't asked what was the fair rental value of the leasehold, but what its value would be with Ruth Sells's established business in operation.

"The question might as well have been, 'What would be the fair rental value of the premises with Sears, Roebuck & Company's business in operation there?' Or, Marshall Field's, or some other hypothetical situation."

Now in all honesty, justice and fairness, what is counsel for appellants asserting, except that appellees were not entitled to recover for the value of such premises for use in connection with their business operations, but that they should be limited to the value of such premises as a vacant room since it had been vacant for three months as they assert? The statement in the petition

for rehearing that appellants did not and do not contend to this effect, that appellants did not and do not contend that the appellees are limited to their recovery to the rental value of the building as a vacant room, just is not true on the basis of the record and the briefs before this court.

Counsel for appellants asserts that this court has made a misstatement of fact and he objects to the last sentence of paragraph 4 of the opinion which reads as follows:

> "The appellee Ruth Sells continued to operate the restaurant on the premises and tendered the $25 monthly rental to appellant Moon thereafter up until the time of the service of the clerk's order directing seizure of the real estate in the present suit, which was filed on June 1, 1949, by the appellants Bowers, Bowers and Schacht against the appellees."

In making this contention counsel for appellants has taken a paragraph out of context. The opinion had reference to the fact that appellee, Ruth Sells, continued to operate the restaurant on the premises after the notice from Moon and thereafter tendered the monthly rental to him. In spite of appellants' statements in their petition for rehearing that the appellees physically vacated the building entirely and padlocked the same months before this action was filed, appellants in their condensed recital of the evidence, assert at pages 131 and 132 of their brief:

> "That on March 1, 1949, appellees discontinued their restaurant business on the premises in question here and padlocked the door, *but continued in possession* and continued to tender monthly payments to Moon." (Our emphasis)

It must be accepted that the record shows that these parties *continued in possession* of these premises during

the time the same was padlocked, and until the time of the service of the Clerk's order directing seizure of the real estate in the present suit.

Appellants, in their petition for rehearing, have attempted to separate the several acts of Maynard Moon and then imply that the court has ruled that any one of the several acts made Maynard Moon liable. It is clear from the opinion that the court did not so rule with reference to the separate acts but asserted that it was his whole conduct in concert with the appellants, Bowers, Bowers and Schacht, which was contrary to his legal duty under the ten-year sub-lease which he gave to the appellee, Ruth Sells and which even extended beyond the term of his lease for such premises, and it is this entire conduct on his part which made him legally liable for the breach of implied covenant of quiet enjoyment in such lease. This court stated in the original opinion: "Applying the foregoing rules of law to the facts in the instant case, where appellant Moon surrendered his lease to another and caused a notice to quit to be served upon the appellees Sells, *which acts in themselves do not constitute a constructive eviction,* however, when coupled with his acts in denying the lease . . . and in later taking possession of the premises . . . , it seems clear that he has failed in the duty which he owes to the appellees by virtue of his implied covenant of quiet enjoyment . . ."

After a careful examination of the record and the briefs in the original case and on the petition for rehearing, we are of the opinion that the original opinion in this case should stand.

Appellants' petition for rehearing is hereby denied.

Royse, P. J., not participating.

NOTE.—Reported in 123 N. E. 2d 195.

Rehearing denied 125 N. E. 2d 175.